AMBROSE VAN ETTEN, Respondent, *v.* GEORGE B. NEWTON et al., Appellants.

In the absence of a stipulation in a bill of lading for the payment of demurrage by the consignee, in case of detention of the vessel by the consignor for loading for an unreasonable length of time, damages in the nature of demurrage may be recovered from the latter.

The acceptance of a bill of lading by a shipper, with knowledge of its contents, makes it a binding contract, and defines the rights and liabilities of the parties to it; and while it has a two-fold character, *i. e.*, that of a receipt and a contract, and while *it seems* as a receipt, it is as between the shipper and the shipowner explainable, parol evidence is not admissible to vary the terms of that portion of it which constitutes the contract.

The fact that the consignee of goods is the owner, and as such takes part in the negotiations with the shipper as to the rate of freight, does not constitute him the shipper, and where the vendor accepts a bill of lading in which he is named as shipper, the acceptance of it by him creates a contract fixing his relation as such, and imposing upon him the obligations arising therefrom, which the law has previously declared to be assumed by those entering into such a contract.

Accordingly *held*, that a vendor who had shipped to the vendee the goods sold, receiving a bill of lading in which he was named as shipper, and which contained no provision as to demurrage, was liable to the shipowner for damages caused by an unreasonable delay in loading.

(Argued March 15, 1892; decided June 7, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 5, 1890, which affirmed a judgment in favor of plaintiff entered upon a decision of the District Court of the city of New York on a trial by the court without a jury.

This action was brought to recover damages in the nature of demurrage for the unreasonable detention of plaintiff's boat.

A member of the firm of Merritt Clark's Sons, of Derby, Ct., called on the defendants on the 7th day of May, 1888, and purchased a cargo of coal, at the same time directing the defendants to advise Captain Van Etten, this plaintiff, to call

upon them in relation to the freight of the cargo. Merritt Clark's Sons fixed the rate of freight. The defendants immediately wrote the plaintiff, asking him to call, which he did the day following.

The plaintiff was operating two boats; one of them was propelled by steam and used to tow the other. And he advised the defendants that he did not wish to take the cargo unless it could be promptly loaded, as he could only use his two boats to advantage by having his cargo so arranged as to take both boats on each trip.

He testifies that he was assured that the coal would be ready for loading at Perth Amboy on the tenth of May.

Coal was first put in his boat on the fifteenth of May, at which time eighty tons were loaded, the balance of the cargo, in all 250 tons, being loaded on the seventeenth of May. The defendants admitted on the trial that if the coal had been ready for loading that the boat could have been loaded in five hours.

*De Lagnel Berier* for appellants.

*Nelson Zabriskie* for respondent.

Parker, J.   The evidence is ample to support the jud_   . ..it rendered provided the defendants are legally chargeable with any damages whatever by way of demurrage. That question alone requires consideration on this review.

When a bill of lading contains a stipulation for demurrage the acceptance of the goods is evidence of an agreement on the part of the consignee to pay both freight and demurrage. (*Jesson* v. *Solly*, 4 Taunt. 52 ; *Wegener* v. *Smith*, 15 C. B. 285.)

But in the absence of such a stipulation it is generally held that the consignee is not bound to respond in damages in the nature of demurrage, because not being a party to the contract in the bill of lading the contract implied from its subsequent acceptance by him cannot extend beyond the conditions upon which its delivery is made dependent. (*Gage* v. *Morse*, 12 Allen, 410; *Young* v. *Miller*, 5 E. & B. 775.)   A

delay at the place of delivery occasioned by the fault of the consignee, furnishes an exception to the rule. (*Ford* v. *Cotesworth*, L. R. [4 Q. B.] 127; *Crawford* v. *Rittenhouse*, 1 Fed. Rep. 638.) Here the direct contract of the plaintiff under the bill of lading was with the defendants, who were the shippers of the coal. (*Blanchard* v. *Page*, 8 Gray, 281, 290, 295.) Merritt Clark & Co., the consignees, were not parties to it. The delay complained of was not due to any fault on their part. It did not occur at the place of delivery, but at Perth Amboy, where the vessel was loaded. Within the rules alluded to, therefore, the consignees were not liable, as the bill of lading contained no stipulation that the consignees should pay demurrage.

Under a contract of affreightment the shipper is liable for the freight, although as in this case it provides for the collection of the freight from the consignee. The ship owner is not entitled to payment unless he performs his part of the contract, and by providing in the bill of lading that the consignee shall pay, performance is first secured by the ship owner, who is ordinarily amply protected, as he has a lien on the goods carried for the amount due him, and a cause of action against the consignor in case the consignee refuses to pay and his lien proves insufficient or be lost.

The consignee in such cases as to payment of freight being treated as the agent of the consignor.

And if the bill of lading provides for demurrage to be paid by the consignee, the consignor is also liable for its payment in the event that the consignee refuses to pay.

If it be silent on the subject of demurrage in case of detention of the vessel, for loading by the consignor for an unreasonable time, damages in the nature of demurrage may be recovered from him. (*Fisher* v. *Abeel*, 66 Barb. 381.)

The contract between these parties did not provide for demurrage, but under it plaintiff was entitled to recover for unreasonable delay.

There was evidence tending to show such delay before the trial court, and it was so found as a fact. The General Term,

on the argument as well as on the reargument, after carefully considering the evidence in such respect, affirmed the finding, and it is now controlling. So far the discussion has proceeded on the assumption that the bill of lading constitutes the real contract of affreightment, and the conclusion necessarily following from that position, is that the plaintiff's recovery is well founded.

The appellants contend, however, that the plaintiff was engaged by the consignees to carry the cargo, and, therefore, the defendants are not liable under the contract, although the delay was unreasonable and wholly due to their fault.

His contention is founded on evidence to the effect that plaintiff agreed with the consignee as to the rate of freight, and he insists that it follows that the defendants were not liable, notwithstanding the terms of the written contract to which they were parties.

A bill of lading has a two-fold character; first, that of a receipt; and second, that of a contract.

The receipt as between the shipper and ship owner is explainable, but parol evidence is not admissible to vary the terms of that portion of it constituting the contract. (Parsons on Shipping, vol. 1, p. 190, and cases cited.)

The acceptance of a bill of lading by the shipper, with knowledge of its contents, makes of that instrument a binding contract, and defines the rights and liabilities of the parties to it. (*C. H. & D. & D. & M. R. Co.* v. *Pontius,* 19 Ohio St. 221; *Germania Fire Ins. Co.* v. *Memphis & C. R. R. Co.,* 72 N. Y. 90.)

Now, the defendants do not question the acceptance of the bill of lading, with full knowledge of its terms.

The evidence fails even to suggest that there was any understanding or expectation between these parties that their relations were to be other than usually obtains between consignor and ship owner, and such as are evidenced by this contract, although without objection the defendants were permitted to show that the consignees suggested plaintiff for the carrier, and that they agreed with him upon the price to be paid.

But such acts are not necessarily inconsistent with the contract which these parties made.

It is usual for the consignee to pay the freight to the ship owner. Ordinarily, the bill of lading provides that he shall do it. If he be the purchaser as well as the consignee, although treated for commercial reasons as the agent of the consignor in making payment, in practical effect the payment is on his own account, and must necessarily be added to the price paid the consignor for the goods in order to determine the total cost to himself. He is, therefore, directly interested in fixing the rate of freight, and it is not unusual for him to take part in the negotiations for it. But that fact does not constitute him the shipper. The bill of lading names the shipper, and in this case the defendants are so designated, and the acceptance of it by them created a contract with the plaintiff that their relation to each other was that of shipper and ship owner, and that they would severally discharge the obligations which the law had previously declared vested on those entering into such a contract.

In *Bacon* v. *Erie & Western Tr. Co.* (3 Fed. Rep. 344), the consignee was charged in damages for occasioning delay to the ship owner, but it appeared that it was also the shipper of the cargo, " and hence, as a party to the contract of affreightment, is accountable for any breach of an obligation imputed by it," citing *The Hyperion* (7 Am. L. Rev. 457).

The evidence to which we have referred would doubtless have been excluded had objection been properly made. But as it is before us, we have given it such consideration as it seems to merit, and have reached the conclusion that it cannot operate to nullify, destroy or impair the written contract subsequently entered into between these parties, by which the defendants declared themselves to be, as they doubtless were in fact, the shippers of the cargo.

The judgment should be affirmed.

All concur.

Judgment affirmed.