·(155 App. Div. 420.)

GREER et al. v. SMITH (two cases).

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. PARTIES (§ 12*)—NUMEROUS PARTIES—NUISANCE.

Under Code Civ. Proc. § 448, providing that where a question is of a common or general interest of many parties, or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, a number of property owners injuriously affected may sue to enjoin the owner of a plant for rendering fat and making tallow, fertilizer, etc., from pouring the refuse into brooks, and thereby disseminating odors affecting the property injuriously, in behalf of themselves and all other property owners and residents of the town similarly situated, especially in view of section 446, providing that all persons having an interest in the subject of the action and in obtaining the judgment demanded may join as plaintiffs, except as otherwise prescribed.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 12; Dec. Dig. § 12.*]

·2. PARTIES (§ 76*)—DEMURRER—OPERATION AND EFFECT.

In an action to enjoin a nuisance, a demurrer for lack of capacity in plaintiff to sue, limited to the objection that the cause of action was in the Attorney General, did not raise the misjoinder of parties and causes, on the theory that each plaintiff had a separate cause of action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

·3. NUISANCE (§ 75*)—ACTIONS—COMPLAINT—SUFFICIENCY.

In an action by owners of private property to enjoin a nuisance, a complaint alleging private injury and special damages to private property was sufficient.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 176–184; Dec. Dig. § 75.*]

Appeals from Special Term, Westchester County.

Actions by Clara A. M. Greer and others against Samuel Smith. From orders overruling the demurrer to the complaint and granting a temporary injunction, defendant brings separate appeals. Affirmed.

---

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

B. I. Taylor, of Port Chester (George C. Andrews, of Tarrytown, on the brief), for appellant.

W. C. Prime, of New York City, for respondents.

THOMAS, J. These are two appeals from orders—one overruling a demurrer to the complaint, and one granting a temporary injunction. The plaintiffs owned residences in the town of Rye, where, in 1906, the defendant established his plant for rendering fat and making tallow, fertilizer, etc. He emptied his refuse into a pond, from which it passed to and polluted a brook passing through the premises of the plaintiff Greer. Greer brought an action to enjoin the offense, and procured a temporary injunction, whereupon the defendant acquired the pond and drew off its water, and then the action rested. But this action is brought to enjoin the defendant from pouring his refuse into the brooks and thereby disseminating odors that affect injuriously property of the plaintiffs, and defendant has been enjoined pendente lite from operating the factory in any way that will—

"produce any offensive odors and from directly or indirectly discharging from said premises into any of the brooks or water courses in the neighborhood any refuse or waste of any kind from said factory."

The principal grounds of appeal are that persons above him pollute the brook, but that he does not contribute to it; and his futher contentions are: (1) That the court has no jurisdiction of the action to abate a common nuisance, but rather that the action should be by the Attorney General or by indictment; (2) that there is a defect of parties plaintiff, in that the Attorney General is not joined; (3) that the complainant does not state a cause of action; (4) that plaintiffs have an adequate remedy at law, in that defendant can be prosecuted criminally.

The second appeal (No. 399) involves the demurrer, and defendant urges: (1) That the complaint states a cause of action for a common or public, and not a private, nuisance; (2) that there is another action between the same parties by indictment, and also a civil action, for the same cause of action; (3) that the Attorney General should be a party plaintiff; (4) that the complaint does not state a cause of action. On the facts, the temporary injunction was within the sound discretion of the court below, and should not be disturbed, leaving the further consideration of the issue to the court upon the trial of the action.

[1] The demurrer raises questions, viz.: (1) May the present plaintiffs maintain the action? (2) Does the complaint state a cause of action? It will be observed that the action not only is brought by persons owning land in severalty, but that these persons appear as plaintiffs—

"on behalf of themselves and all other residents or property owners in the town of Rye, Westchester county, New York, similarly situated."

So several persons, each injured as to his separate property by a nuisance touching each piece, have joined for individual redress, and

also sue on behalf of all persons in the town, not named, but similarly affected. The complaint shows that the plaintiffs owning in severalty combine to enjoin odors that are indivisible and commonly affect injuriously such several properties. The rule is that, where several persons are affected by a nuisance, they may join as complainants in a bill to restrain it. Wood on Nuisances, p. 1025. In Peck v. Elder, 3 Sandf. 126, the complainants were the several owners of tenements which they alleged to be injuriously affected by the proposed erection of a building to be used for the purpose of melting the fat and tallow from slaughtered animals, and from using same for such purpose. The Chancellor, upon appeal from an order dissolving the temporary injunction, restored the same, saying:

"The objection that different persons owning separate tenements, which are injuriously affected by a nuisance, cannot join in a suit to restrain such nuisance, is untenable. The case of Reid v. Gifford, 1 Hopk. Ch. 416, decided by Chancellor Sandford in 1825, is the other way. So far as the bill seeks merely to restrain, by injunction, a nuisance which is a common injury to each and every of the complainants, there is no good reason why they should not all be permitted to join in one suit, instead of multiplying cases by bringing several distinct suits."

The action was transferred to the Superior Court, where it was held that the complainants might join in a suit for a perpetual injunction, though not to recover damages.

In Brady v. Weeks, 3 Barb. 157, the action was brought by several complainants, owners of dwelling houses in the neighborhood, to restrain the defendants from operating a slaughter house. In granting the order for an injunction, Paige, J., said:

"As the nuisance in question is a common, although not a joint, injury to the plaintiffs, they have properly united as plaintiffs in the bill to restrain the nuisance."

And he cites Murray v. Hay, 1 Barb. Ch. 59, 43 Am. Dec. 773, where it was held that two or more persons, owning distinct tenements, which were injured or rendered uninhabitable or less valuable by a common nuisance, might join in a suit to restrain it, and the Chancellor in that case, in support of his conclusion, discusses the earlier decisions.

In the case at bar the tortious act in its entirety operates on all, for the gases sweeping in mass over the neighborhood injured one plaintiff here and the other there. The hurt is in divers places, and the injuries may differ in degree and perchance in time of infliction. That is unimportant, as the nuisance is a common one. Wood on Nuisances, 1160. The same harmful agent, unarrested and unchanged, passes from one to another. It is as if a person wrongfully should let issue a cloud of smoke, drifting to one man's land, and then to another, and to another, or gather water, so that it would sweep over the fields of different persons (Sullivan v. Phillips, 110 Ind. 320, 11 N. E. 300), or should wrongfully pollute a brook, the waters whereof flow through farms in different ownership. It is one wrongful act, comprehending the property of several in its injurious progress. It combines all in its invasion, and hence all should be permitted jointly to oppose the invasion. It classifies the injured, and the class should be permitted to seek a remedy. If a person should make fraudulent conveyance

of his property, all judgment creditors could unite to set aside the conveyance (Wait on Fraudulent Conveyances, §§ 108, 109), or one could sue in behalf of all. In Smith v. Schulting, 14 Hun, 52, it is said of such a case that upon the question of such joinder of plaintiffs:

"They may join in the suit, because there was one connected interest among them all, centering in the principal point in issue."

Or, as it was stated in Powell v. Spaulding, 3 G. Greene (Iowa) 443, 461:

"Where there is unity in interest, as to the object to be attained by the bill, the parties seeking redress in chancery may join in the same complaint."

The wrong that hurts one hurts the others, not by an appreciable part acting upon one person and another similar part acting upon another. Each person injured has a right to an action to enjoin the harmful thing in its entirety, because in its entirety it harms him. If each of a number of persons has this remedy, all can unite, and have a right to unite, to stop the cause. There is but one thing to be accomplished, viz., stop the offending operation. Shall each person come to court with his own complaint, so that, perchance, a hundred shall separately ask in separate suits to make cease what as a cause is common to all? So I consider that all the persons injured need not join, but that the plaintiffs may represent them. Section 448 of the Code of Civil Procedure provides:

"And where the question is one of a common or general interest of many persons, or where the persons, who might be made parties, are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

But let it be assumed that each has a separate cause of action. The Code (section 446) is:

"All persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act."

[2, 3] If it be assumed "that there is a misjoinder of parties plaintiff," or "that causes of action have been improperly united," there is ground of demurrer not taken here. It is demurred that the plaintiffs have not legal capacity to sue, but it is limited to the objection that the cause of action is in the Attorney General. So the demurrer should be overruled if the complaint states a cause of action. The complaint, in paragraphs 13 to 16, inclusive, alleges private injury and special damages to private property, and that is sufficient. Francis v. Schoellkopf, 53 N. Y. 152; Adams v. Popham, 76 N. Y. 410; Kavanagh v. Barber, 131 N. Y. 211, 214, 30 N. E. 235, 15 L. R. A. 689; Ackerman v. True, 175 N. Y. 353, 361, 67 N. E. 629; Wood on Nuisances, § 602 et seq. There is another action pending between Greer and the defendant, and also a criminal action. Neither is between the same parties, nor does the Greer action charge the same offense or seek the same remedy.

Each order should be affirmed, with $10 costs and disbursements. All concur.