## WHITMORE v. NEW YORK INTERURBAN WATER CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. CONSTITUTIONAL LAW (§ 70*)—DISTRIBUTION OF POWERS—JUDICIAL POWERS.

 It is a legislative function to fix charges for public services, but when the Legislature has established no rates the courts may prevent the recovery of unjust rates.

 [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. § 70.*]

2. WATERS AND WATER COURSES (§ 203*)—WATERWORKS COMPANIES—INCREASE IN CHARGES—INJUNCTION.

 Where a water company, after the expiration of a contract with the city whereby it furnished water to the citizens at certain rates, notified the consumers that it would sever its water connections in the future unless they signed an agreement to pay an increase of one-third in the rates, a temporary injunction can be issued to restrain the severance of the connections pending the determination as to the justice of the increase.

 [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 289, 290–299; Dec. Dig. § 203.*]

3. PARTIES (§ 12*)—PLAINTIFFS—ONE SUING IN BEHALF OF ALL.

 Under Code Civ. Proc. § 448, providing that where the question is one of general interest or the persons who might be made parties are very numerous, one or more may sue for the benefit of all, a water consumer may sue as plaintiff on behalf of all others similarly situated to restrain a water company from severing its connections with the consumers in a city after the termination of its contract with the city, unless they would agree to an increase in the rates.

 [Ed. Note.—For other cases, see Parties, Cent. Dig. § 12; Dec. Dig. § 12.*]

Appeal from Special Term, Westchester County.

Action by David L. Whitmore against the New York Interurban Water Company. From an interlocutory judgment of the Special Term overruling a demurrer to the complaint, defendant appeals. Affirmed.

See, also, 156 App. Div. 892, 141 N. Y. Supp. 1151.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Arthur E. Walradt, of New York City (Edwin J. Tetlow, of New York City, on the brief), for appellant.

Frank A. Bennett, of Mt. Vernon, for respondent.

THOMAS, J. In 1898, the defendant and the city of Mt. Vernon made an agreement whereby franchises in the street were accorded to the former, who agreed to furnish water for the streets and for the use of the inhabitants at stated rates for the period of ten years, and, while the contract has expired, the defendant continues to furnish

---

water on the same terms and proposes to do so until the expiration of the present year, when it threatens to sever the connections to the plaintiff and some 5,000 customers, unless they severally sign an agreement to pay the existing rate increased 33⅓ per cent. The plaintiff in this action would compel defendant to furnish water at the rate fixed by the expired contract or at such rate as the court may determine is reasonable, and to enjoin the discontinuance of the service. The allegations as to the contract are ineffective except as showing the history of the service and the present terms of it. The question presented by appellant is whether the court can fix a rate for future service, anticipating thereby the establishment of an unjust price by the company. That is not the essential inquiry.

[1] It is a legislative function to fix charges, but the courts are en-. abled to prevent the recovery of an unjust rate where none has been established by authority. Hence the defendant urges that the customer's remedy is to defend against the rate, or pay it and recover the unjust excess, and that a court of equity may intervene pending such litigation to enjoin severance of the connection, or that by mandamus the performance of a legal duty may be enforced.

[2] But the defendant has established the rate, demanded submission to it, and threatened exclusion from the supply unless the parties stipulate to accept the proffered terms. Under the allegations in the complaint, this is threatened oppression by the defendant, and, while this court may not prematurely state a maximum rate, it can prevent the defendant from ousting all the inhabitants of the city from their present lawful water supply unless they submit to an extortionate demand, if such should be found. The inhabitants are entitled to the water; they have been established in the physical connection of their houses with defendant's plants; and a court of equity can prevent the defendant from sundering the relation, and from withholding water from the community, even while proceedings at law may be initiated. If in such action the court cannot forecast rates that may be charged, it can state what rate cannot be charged under menace of discontinuing the service. The defendant's wrongful act is that it threatens to disestablish the takers in their lawful status unless they contractually submit to an imposition, if it shall be so ascertained.

The appellant urges that the power to fix rates which a public service corporation may charge resides in the Legislature. Village of Saratoga Springs v. Saratoga Gas, etc., Co., 191 N. Y. 123, 148, 83 N. E. 693, 18 L. R. A. (N. S.) 713.

"It is one thing to inquire whether the rates which have been charged and collected are reasonable; that is a judicial act. But an entirely different thing to prescribe rates which shall be charged in the future; that is a legislative act"—as Mr. Justice Brewer said in Interstate Commerce Commission v. Cincinnati, N. O. & T. P. Ry. Co., 167 U. S. 479, 499, 511, 17 Sup. Ct. 896, 900 (42 L. Ed. 243).

The matter is fully discussed in Madison v. Madison Gas & Electric Co., 129 Wis. 249, 108 N. W. 65, 8 L. R. A. (N. S.) 529, 9 Ann. Cas. 819.

But if the court cannot fix rates for the future, it can declare whether rates enforced, or sought to be enforced, are just, and a court of

equity is not constrained to forbear until an entire community ·is deprived of water, and all house connections with the water plant have been swept away. The court does not wait until a forest has been wrongfully felled if a survey foretelling the act is in progress. Unjust exaction justifies judicial interference; threatened interference with the connection and the supply, unless there be submission to such exaction, is equivalent to it. For the purpose outlined, the action is maintainable.

[3]. But may the plaintiff unite as parties plaintiff other customers? Is there a common right infringed by a wrongful act affecting all?

"Where the question is one of a common or general interest of many persons, or where the persons, who might be made parties, are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Code of Civil Procedure, § 448.

The right to the use of the streets flows from the municipality, and the defendant owes to the inhabitants, because they are such, the duty of furnishing water at a reasonable price. It is true that each right is several in its exercise, but it springs from a duty to the community, and the defendant threatens each one with a breach of duty, not only to him, but to the community and to the state. It would seem to be a fair occasion to invoke the statute.

The interlocutory judgment is affirmed, with costs, with leave to defendant to answer upon payment of costs within 20 days after notice of entry of judgment herein.

JENKS, P. J., and CARR and RICH, JJ., concur. BURR, J., concurs upon the ground that the allegation in the complaint that the rates sought to be charged are excessive and unreasonable must be deemed admitted by the demurrer.