Judgments affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PEOPLE'S GAS AND ELECTRIC COMPANY, Appellant, *v.* THE CITY OF OSWEGO et al., Respondents.

*Taxpayer's action — municipal corporations — constitutional law — constitutionality of statute authorizing development and use by city of Oswego of water power from Barge canal dam — action to restrain issuance and sale of city bonds or use of funds for construction of hydro-electric plant.*

*People's Gas & Electric Co.* v. *City of Oswego,* 207 App. Div. 134, affirmed.

(Argued May 21, 1924; decided June 6, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 17, 1923, unanimously affirming a judgment in favor of defendants entered upon the report of a referee. The action, by the plaintiff as a taxpayer of the respondent, city of Oswego, was brought pursuant to section 51 of the General Municipal Law and seeks a judgment declaring chapter 349 of the Laws of 1915, authorizing the development and use by the city of Oswego of the waters of the Oswego river at Barge canal dam No. 6, in said city, and erecting the Water Service Commission of the city of Oswego, to be unconstitutional as violative of section 10 of article 8 of the Constitution of the State, and restraining the respondents, City of Oswego, its Mayor and City Chamberlain, from issuing, selling or using the proceeds of certain bonds of said city of Oswego in the sum of $345,000, authorized by a special taxpayers' election of the city of Oswego, held July 17, 1916, for the construction of an hydro-electric plant at said dam No. 6, and also enjoining the respondents, City of Oswego and the members of the Water Service Commission of the said city, from taking any steps towards the construction of the said hydro-electric plant and from incurring any indebtedness against the said city, pursuant to chapter

349 of the Laws of 1915, and from using any funds available from said bonds in the construction of said hydro-electric plant and from doing any act in furtherance of the construction of said hydro-electric plant pursuant to chapter 349 of the Laws of 1915, and also a judgment declaring said bonds issued for power purposes to said act null and void.

*Harry C. Mizen, Charles A. Collin* and *Elton H. Beals* for appellant.

*Francis E. Cullen* and *Joseph T. McCaffrey* for respondents.

Judgments affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Browning, King and Company, Appellant, *v.* James C. Davis, Director-General of Railroads, Respondent.

*Carriers — action to recover value of merchandise lost in transit — defense that claim had not been presented within time required by bill of lading.*

*Browning, King & Co.* v. *Davis,* 208 App. Div. 780, affirmed.

(Argued May 22, 1924; decided June 6, 1924.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 14, 1924, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover the value of merchandise delivered to the Lehigh Valley railroad at New York city for transport to Omaha, Neb., but never delivered to the consignee. The defense was failure to make claim within six months in writing as required by the bill of lading.

*Copal Mintz* and *Louis S. Posner* for appellant.

*Herbert W. Smith* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ. Dissenting: Lehman, J.