**QUEENS COUNTY GROUP OF SAVINGS & LOAN ASS'NS v. HOME LOAN BANK BOARD et al.**

**Civ. No. 12289.**

United States District Court
E. D. New York.

May 5, 1952.

Walter J. A. Mack, Jamaica, N. Y., and William J. Burke, Brooklyn, N. Y., for plaintiff.

Frank J. Parker, U. S. Atty, E. D. New York, Brooklyn, N. Y., by Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y., for defendant Home Loan Bank Board.

Daniel McNamara, Brooklyn, N. Y., for defendant Century Federal Savings & Loan Ass'n.

BYERS, District Judge.

The defendant Home Loan Bank Board, to be called the Board, moves to (a) quash service of the summons and (b) dismiss the complaint.

The action is for a declaratory judgment

**1.** That the Board's action in granting the application of the defendant Century

Federal Savings and Loan Association, to be called Century, to establish a branch, was illegal, contrary to law and regulations, arbitrary and capricious and against the weight of evidence.

2. That the opening and operation of such branch by Century is unlawful under its charter and the Act of Congress under which that was granted.

3. That such opening and operation are in violation of the laws of this State.

4. That an injunction against Century be granted, *pendente lite,* and permanently.

■ The motion presents the following contentions arranged in what the Court deems to be the order of their importance:

A. The Board is an indispensable party. This seems to be too obvious to require discussion, since it is an official action within the scope of its power, which it is the office of the complaint to challenge. North Arlington, etc., v. Kearny, etc., 3 Cir., 187 F.2d 564.

How that could be accomplished in any conclusive way, except by making the Board a party to the cause, has not been made to appear. Such at least must have been the plaintiff's view when the complaint was filed and for present purposes that must be deemed to have been in accord with the required procedure. See Fahey v. Mallonee, 332 U.S. 245 at page 248, 67 S.Ct. 1552, 1557, 91 L.Ed. 2030. The question was not passed upon in the North Arlington case, supra, since it was unnecessary to decision.

B. Unless service of process upon the Board has been effected, the Court is without jurisdiction in the premises.

That the Board which is charged by law with the performance of duties under the Federal Home Loan Bank Act, Tit. 12, U.S. C.A. § 1437 as amended, 61 Stat. 954, is an agency of the United States seems to be too clear to warrant discussion. Tit. 5, U.S.C.A. § 1001(a).

■ The service of process therefore upon it must accord with Rule 4(d) (5), Fed.Rules of Civil Procedure, 28 U.S.C. namely by "serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency."

There is no dispute that the only service here was by mailing a copy to the office of the Board in Washington, D. C. and to the Attorney General, and by delivery of a copy to the United States Attorney for this District.

It would seem that for all practical purposes the Government and its agency have been fully apprised of the plaintiff's claim for relief, but since the point has been raised as stated, it must be dealt with: I find nothing in the Rules or in any statute which has been cited, to enable the Court to brush aside the objection, however technical and non-meritorious it is seen to be. Since jurisdiction depends upon service and that has not been legally effected, it is evident that the Court is without power to examine the substantial issues which have been tendered, touching the capacity of this group of plaintiffs to demonstrate an existing controversy between them in the aggregate, and the defendants, so as legally to generate a declaratory judgment cause; or the proper venue of such a cause; or whether the action of the Board is indeed immune from judicial inquiry—a question which was carefully excluded from the decision in the Mallonee case (supra), in this language: "We do not now decide whether the determination of the Board in such proceeding (appointment of a conservator) is subject to any manner of judicial review. The absence from the statute of a provision for court review has sometimes been held not to foreclose review" (citing cases and Admin.Pro.Act).

The motion to quash is granted. Settle order. .