230 F.2d 827
 ALLIED-CITY WIDE, Inc., et al., Appellants,
v.
Albert M. COLE, Administrator, and James W. Follin, Urban Renewal Commissioner of the Housing and Home Finance Agency of the United States of America, Appellees.
 No. 12817.
 United States Court of Appeals District of Columbia Circuit.
 Argued February 13, 1956.
 Decided March 1, 1956.
 
 Mr. Barney Rosenstein, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Robert H. Reiter and John Hudgins, Washington, D. C., were on the brief, for appellants.
 Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees. Mr. Rufus E. Stetson, Jr., Asst. U. S. Atty., also entered an appearance for appellees.
 Before EDGERTON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant's complaint against the present appellees, the Administrator and the Urban Renewal Commissioner of the Federal Housing and Home Finance Agency, alleges that agreements between appellees and New York City will result in the eviction of appellants, without compensation, from the leased premises in which they carry on various businesses. The complaint alleges that in making these agreements appellees failed to secure, as the law requires, certain conditions beneficial to the United States. The complaint asks for a declaratory judgment and "a mandatory injunction restraining the defendants from taking any further steps of any kind whatever pursuant to and in connection with the * * * redevelopment plan designated as Washington Square Southeast submitted by the City of New York, and such restraint shall include, but not be limited to the furnishing of any financial assistance to the City of New York in accordance with the provisions of Title I of the National Housing Act of 1949, as amended [42 U.S.C. § 1451 et seq., 63 Stat. 414] * * *"
 
 
 2
 The District Court dismissed the complaint on three grounds; the City is an indispensable party, there is no claim on which relief can be granted, and the plaintiffs lack standing to sue. We need not consider the first two. Appellants will be evicted, if at all, by condemnation proceedings lawfully maintained by New York City. One who will be injured by another's lawful use of money has no standing to assert that a third person's action in providing the money will be illegal. Alabama Power Co. v. Ickes, 302 U.S. 464, 480-481, 58 S.Ct. 300, 82 L.Ed. 374.
 
 
 3
 Affirmed.