William GART, Ada Bass, Harry Myers, Sophie Bergman, George Kay, d/b/a Loric Press, William Loebner, Howdibon Garage Co., Inc., Schuckman Press, Inc., 145-147 W. 61st Corporation, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Albert M. COLE, as Administrator, Federal Housing and Home Finance Agency; Walter S. Fried, as Regional Administrator, Region 1, Federal Housing and Home Finance Agency; City of New York, Robert F. Wagner, individually and as Mayor of the City of New York and a member of the Board of Estimate; Abe Stark, individually and as President of the City Council of the City of New York and a member of the Board of Estimate; Hulan E. Jack, individually and as President of the Borough of Manhattan, City of New York, and a member of the Board of Estimate; James J. Lyon, individually and as President of the Borough of Bronx, City of New York, and a member of the Board of Estimate; John Cashmore, individually and as President of the Borough of Brooklyn, City of New York, and a member of the Board of Estimate; James J. Crisona, individually and as President of the Borough of Queens, City of New York, and a member of the Board of Estimate; Albert V. Maniscalco, individually and as President of the Borough of Richmond, City of New York, and a member of the Board of Estimate; Robert Moses, individually and as Chairman of the Committee on Slum Clearance of the City of New York; Fordham University; Lincoln Center For The Performing Arts, Inc.; and Webb & Knapp Lincoln Square Corporation, Defendants.

United States District Court
S. D. New York.
Aug. 5, 1958.

Dickstein, Shapiro & Friedman, Harris L. Present, New York City, for plaintiffs. David I. Shapiro, Washington, D. C., Arthur J. Galligan, New York City, of counsel.

Arthur H. Christy, U. S. Atty., for Southern Dist. of New York, New York City, for defendants Albert M. Cole and Walter S. Fried. Morton S. Robson, Asst. U. S. Atty., New York City, of counsel.

Peter Campbell Brown, Corp. Counsel, New York City, for City of New York

and others, defendants. Leo A. Larkin, Pauline K. Berger, Benjamin Offner, Anthony Curreri, New York City, of counsel.

Saxe, Bacon & O'Shea, New York City, for defendant Fordham University. Edward D. Burns, Porter R. Chandler, William R. Meagher and Martin Fogelman, New York City, of counsel.

Milbank, Tweed, Hope & Hadley, New York City, for defendant Lincoln Center for the Performing Arts, Inc., William Eldred Jackson, George H. Bailey, New York City, of counsel.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendant Webb & Knapp Lincoln Square Corp.

DIMOCK, District Judge.

This is a class action brought by and on behalf of real property owners and residential and business tenants in a neighborhood of the City of New York known as the Lincoln Square Project area. Plaintiffs face eviction as a result of a slum clearance and urban renewal project in the area.

Title I of the Housing Act of 1949, 63 Stat. 414, 42 U.S.C. § 1450 et seq., authorizes the Administrator of the Federal Housing and Home Finance Agency to make loans and capital grants to local agencies for urban renewal projects that conform to the conditions specified in the Act. The City formulated a plan for such a project in accordance with section 72–k of the New York General Municipal Law which was designed to permit the City to take advantage of the benefits of the Housing Act of 1949.

Defendants, Fordham University, Lincoln Center for the Performing Arts, Inc. and Webb & Knapp Lincoln Square Corporation, agreed to become "sponsors" of the plan, to bid a stated minimum price at the auction provided for by section 72–k and, if successful in their bids, to redevelop the area in accordance with the plan. Public hearings were held on the project plan by the New York City Planning Commission and the New York City Board of Estimate and both of them granted their approval. No hearing was held by the Federal Housing and Home Finance Agency although certain of the plaintiffs and other members of the classes represented requested one. The plan was approved by defendant, Albert M. Cole, Administrator of the Federal Housing and Home Finance Agency, on December 26, 1957. The City condemned the area and then sold it at auction to the sponsors. The federal government has agreed to pay two-thirds of the difference between what the City paid for the land and what it received at the auction.

Plaintiffs allege various unlawful and unconstitutional acts by defendants in the execution of the plan and seek to enjoin them from further action in carrying out the plan.

All defendants move for summary judgment and to dismiss the complaint for failure to state a claim. The United States also moves to dismiss, first, for improper venue, and, second, for failure to obtain jurisdiction over an indispensable party in the event that the court sustains its claim that jurisdiction over Cole had not been obtained.

Plaintiffs allege in their complaint that the actions of the Board of Estimate of the City of New York culminating in the condemnation of the Lincoln Square Project area constituted a direct subsidy to a religious institution, defendant Fordham University, and was therefore in violation of the First and Fourteenth Amendments. They also allege that the condemnation constituted the taking of private property for a non-public use in violation of the Fourteenth Amendment.

The same claims were alleged in 64th St. Residences, Inc., v. City of New York, 4 N.Y.2d 268, 174 N.Y.S.2d 1, 150 N.E.2d 396, certiorari denied sub nom Harris v. City of New York, 357 U.S. 907, 78 S.Ct. 1152, 2 L.Ed.2d 1157. All defendants here were defendants in that action except Albert M. Cole and Walter S. Fried. The defendants who were parties to the state court action invoke the judgment in their favor in that action as a bar to the present action un-

der principles of res judicata. See Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069. Plaintiffs contend that they were not parties to the prior action and are not bound by the judgment of the state court. Plaintiffs in the state court were certain owners and tenants of real property in the Lincoln Square Project area who sued on behalf of themselves and all others similarly situated, 4 N.Y.2d at page 274, 174 N.Y.S.2d at page 3, 150 N.E.2d at page 397. Plaintiffs in this action are different persons but they are members of the same classes as those in the prior action.

Representative or class actions are permitted in the courts of New York by Section 195, N.Y.C.P.A. Section 195 provides:

> "§ 195. Suing for benefit of others. Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

It is clear that the 64th St. Residences case was a suit involving questions of common interest to the real estate owners and the tenants in the area. The alleged injury affected all of the members of each of the classes in the same manner and the relief demanded was common to all. Greer v. Smith, 155 App. Div. 420, 140 N.Y.S. 43; Whitmore v. New York Inter-Urban Water Co., 158 App.Div. 178, 142 N.Y.S. 1098. In such a case the judgment will bind all members of the class as if they were actually joined as parties so long as they were adequately represented. Ashton v. City of Rochester, 133 N.Y. 187, 195, 30 N.E. 965, 31 N.E. 334; People's Gas & Electric Co. v. City of Oswego, 207 App.Div. 134, 202 N.Y.S. 243, affirmed 238 N.Y. 606, 144 N.E. 911. I find that plaintiffs in this action were adequately represented in the prior action by other members of their classes and are therefore bound by the judgment as if they had been parties.

Plaintiffs contend that federal law should be applied to determine this issue. The law of the state where the judgment is rendered is, I believe, applicable to determine who are bound by the judgment. See Restatement, Conflict of Laws, Section 450, p. 533.

In addition, this court is required to give full faith and credit to a judgment of a state court which had jurisdiction over the subject matter and the parties and to give it the same effect as it would have in the forum where the judgment was rendered. American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231; United States v. Silliman, 3 Cir., 167 F.2d 607, 620, certiorari denied 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379; U.S.Const. Art. IV, § 1; see also Magnolia Petroleum v. Hunt, 320 U.S. 430, 439–440, 64 S.Ct. 208, 88 L.Ed. 149. The effect of the judgment in the state court and necessarily the question of who are bound by it must therefore be determined by the law of that state.

Plaintiffs contend also that this court is not bound by the state court's determination of federal constitutional questions. It is true that a federal court does not apply state court rules of decision to determine a federal constitutional question. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; 62 Stat. 944, 28 U.S.C. § 1652.[1] In this case, however, I am not applying a state rule of decision but merely giving effect to a valid state court judgment as required by the full faith and credit clause and principles of res judicata. The fact that federal ques-

---

1. Trailmobile Co. v. Whirls, 6 Cir., 154 F.2d 866, 871–872, reversed on other grounds 331 U.S. 40, 67 S.Ct. 982, 91 L. Ed. 1328, cited by plaintiffs, merely holds that where a federal question is in issue it is fallacious to argue that a state rule of decision is applicable. In that case a prior state court judgment was denied res judicata effect because the state action was not an appropriate class action. That is not the case in this action.

tions were raised in the state court does not affect the validity of the judgment or lessen its effect. See American Surety Co. v. Baldwin, supra; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L. Ed. 832. The latter case was a diversity case in which the Supreme Court, applying North Carolina statutory law as required by Erie R. Co. v. Tompkins, determined that the action could not be maintained in a federal court because it could not be maintained in a North Carolina court. Irrespective of Erie, however, the court, following the principles of res judicata, gave effect also to a prior judgment of the North Carolina Supreme Court, Bullington v. Angel, 220 N.C. 18, 16 S.E.2d 411, 136 A.L.R. 1054, involving the same parties and the same claims insofar as it determined the federal question of the constitutionality of the North Carolina statute which prohibited the action. I cannot accept the negative implication drawn by plaintiffs that the constitutional questions that they raised in the state court can be tried again because, unlike the case of Angel v. Bullington where the plaintiffs failed to appeal to the United States Supreme Court, there was in this case an application to the Supreme Court for certiorari to the New York Court of Appeals which was denied. If a judgment is valid when rendered, its validity will be neither increased nor diminished by an unsuccessful attempt to obtain review of it.

The claims referred to above which were determined by the state court are therefore dismissed.

The remaining claims allege violations of Title I of the Housing Act of 1949, 63 Stat. 414, 42 U.S.C. § 1450 et seq. Title I does not require affirmative action of anyone but the Administrator of the Federal Housing and Home Finance Agency. The only charge against the other defendants in connection with these claims is that their actions did not justify the action of the Administrator.

Since defendant Cole, the Administrator, is the only defendant concerned with these claims, there is no reason for considering them unless the court has jurisdiction over him. I must therefore determine that question.

The United States contends that service upon Walter S. Fried, the Regional Administrator of the Housing and Home Finance Agency, in New York, and upon the Attorney General, in Washington, does not give this court jurisdiction over Albert M. Cole, the Administrator of the Housing and Finance Agency. The Supreme Court has held that a suit against the Federal Housing Administrator in his official capacity is the same as a suit against the Federal Housing Administration, F.H.A., Region No. 4 v. Burr, 309 U.S. 242, 250, 60 S.Ct. 488, 84 L.Ed. 724. For purposes of service of process the Federal Housing Administration is considered to be a corporation and may be sued in a district where it maintains an office and does business. Rule 4(d) (3) F.R.Civ.P., 28 U.S.C. Garden Homes, Inc., v. Mason, 1 Cir., 238 F.2d 651; Seven Oaks v. Federal Housing Administration, 4 Cir., 171 F.2d 947; see also Keifer & Keifer v. R.F.C., 306 U.S. 381, footnote 3, 390–391, 59 S.Ct. 516, 83 L.Ed. 784. The attributes, powers and duties of the Housing and Home Finance Agency and its Administrator do not differ from those of the Federal Housing Administration and its Administrator in any way which is significant in the determination of the question whether or not it is to be treated as a corporation which may be sued in any district where it maintains an office and does business or of the question whether suit against the Administrator in his official capacity is the same as a suit against the agency. Each Administrator is by statute given the power to sue and subjected to the liability to be sued. 49 Stat. 722, 12 U.S.C. § 1702; 63 Stat. 418, 42 U.S.C. § 1456(c)(1). Cases cited by defendant holding that the superior officer of a department or agency of the government must be served personally in the District of Columbia and brought in as an indispensable party to a suit against the department or agency are distinguishable on the ground that

the governmental department or agency being sued in each of those cases was not in the nature of a corporate entity which by statute could sue and be sued. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.[2]

Venue is proper within 28 U.S.C. § 1391(c).

Taft Hotel Corporation v. Housing and Home Finance Agency, 162 F.Supp. 538, decided May 7, 1958 by District Judge Anderson, in the District Court for the District of Connecticut, is not an authority against my conclusions. There the summons was not served upon a Regional Director within the district, as in the case at bar, but upon the Housing and Home Finance Administrator in Washington. The requirement of Rule 4(f) F.R.Civ.P. that the summons be served within the state was not complied with and the District Court consequently was without personal jurisdiction. Judge Anderson also held that the venue was improperly laid in the District of Connecticut because there was no showing that the Administrator was carrying on business in the district within the requirement of the federal venue statutes. Here the Housing and Home Finance Administration maintains a regional office at 346 Broadway, in the Borough of Manhattan, City of New York, and has administered at least ten Title I projects like the present within the district. It is clear that the Housing and Home Finance Agency is doing business here.

Plaintiffs rely upon section 10 of the Administrative Procedure Act, 60 Stat. 237, 243, 5 U.S.C. §§ 1001, 1009 (Supp. 1950), for their authority to seek judicial review of the Administrator's determination to provide federal aid. Section 10 provides in part:

"Judicial review of agency action.

"Except so far as (1) statutes preclude judicial review or (2)

agency action is by law committed to agency discretion.

"Rights of review

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

■ Plaintiffs are not persons who have suffered "legal wrong" because of the Administrator's action. This term is derived from prior case law and has been interpreted under the act consistently with such case law. Kansas City Power & Light Company v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, 931–932. In Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374, the Supreme Court held that one who will suffer injuries from the lawful use of money about to be loaned by the Federal Emergency Administrator of Public Works could not challenge the legality of the loan. In a case similar to the one before me, Allied-City Wide, Inc., v. Cole, 97 U.S.App.D.C. 277, 230 F.2d 827, the court, applying the rule in the Alabama Power Company case, held that plaintiffs who were evicted as a result of a Title I project would be injured, if at all, by a lawful condemnation proceeding of New York City and therefore had no standing to sue defendant Cole as Administrator. The only wrong which could be reviewed as "legal wrong" would thus be the condemnation. The question of its validity is, however, a question which was or could have been determined in the state litigation.

No determination by the state court negating the commission of any wrong by the Administrator could be binding in his favor because he was not a party.

■ Plaintiffs contend also that they are entitled to seek review under section 10(a) as persons "adversely af-

---

2. Williams v. Fanning, 332 U.S. 490, 68 S. Ct. 188, 92 L.Ed. 95, was a suit against a local postmaster; Stroud v. Benson, 4 Cir., 254 F.2d 448, was a suit against the Secretary of Agriculture and Blackmar v. Guerre, supra, was a suit against the Veteran's Administration and Civil Service Commission.

fected or aggrieved within the meaning of * * * [a] relevant statute" in that they have, at the hands of the Administrator, suffered a deprivation of certain rights accorded them by the Housing Act. The determination of who is within this provision has "been marked out largely by the gradual judicial process of inclusion and exclusion, aided at times by the courts' judgment as to the probable legislative intent derived from the spirit of the statutory scheme." Kansas City Power & Light Company v. McKay, supra, at page 932, of 225 F.2d.[3]

Plaintiffs submit affidavits intended to show that the relocation methods in the project plan were inadequate and they complain that they were deprived of an opportunity to present that claim to the Administrator. They say that they had a right to a hearing before him and that, in refusing to grant such a hearing, the Administrator unlawfully delegated to the city his power to determine whether the conditions of the Act were met by the city. Section 101(c), 68 Stat. 623, 42 U.S.C. § 1451(c) amending 63 Stat. 414. They claim that this was a deprivation of a statutory right to be relocated under Section 105(c), 63 Stat. 417, 42 U.S.C. § 1455(c). This section merely requires that the contract with the local agency shall provide for a feasible plan of relocation. It does not grant plaintiffs a statutory right to a hearing before the Administrator to determine whether the plan is feasible. The Act expressly provides for a hearing before the local agency. Section 105(d), 42 U.S.C. § 1455(d). That provision of the Act, Section 101(c), 42 U.S.C. § 1451(c), which requires a review of the program to determine whether it meets the requirements of that subsection requires no hearing. The scope of the Act and its legislative history indicate that the formulation and execution of the program, including relocation, is pri-

marily the responsibility of the local agency. See 42 U.S.C. § 1451; U.S.Code Congressional Service, Vol. 2, 81st Cong., 1st Sess.1949, pp. 1550, 1551, 1564, Senate Rep. No. 84, Feb. 25, 1949, to accompany S. 1070. Thus, there is no basis for implying the right to a hearing before the Administrator. Due process requires no such hearing. See Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 167, 71 S.Ct. 624, 95 L.Ed. 817, (concurring opinion) citing United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011.

Plaintiffs allege also that the sale of certain portions of the project area to the designated sponsors at previously negotiated "sponsorship agreement" prices constituted a failure to comply with sections 106(c)(7) and 110(c)(4) of the Housing Act, 63 Stat. 418, 68 Stat. 627, 42 U.S.C. §§ 1456(c)(7), 1460 (c)(4). Finally plaintiffs allege a violation of the Housing Act and its unconstitutionality as applied to a program which results in the grant of a subsidy to a religious institution, defendant Fordham University. These claims do not involve statutory rights accorded these plaintiffs any more than did the claim of denial of the right to be heard. Nor have they any standing to contest the constitutionality of the federal appropriation. Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

Although I need not go so far as to say that the Housing Act precludes judicial review in this case, it appears to do so and that would be another reason for holding that plaintiffs were without standing under the Administrative Procedure Act. See Choy v. Farragut Gardens, D.C.S.D.N.Y., 131 F.Supp. 609. The Housing Act does not expressly authorize displaced residents or real property owners to seek review of the Administrator's loan or capital grant

---

3. Cf. Comment on Chicago Junction Case, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667 in Alabama Power Co. v. Ickes, supra; Tennessee Electric Power Co. v. T.V.A., 306 U.S. 118, 137–138, 59 S.Ct. 366, 83 L.Ed. 543; Associated Industries of New York v. Ickes, 2 Cir., 134 F.2d 694, 700, reversed on other grounds 320 U.S. 707, 64 S.Ct. 74, 88 L.Ed. 414.

authorization nor is there anything in its purpose or history [4] which indicates Congressional intent to provide for such review. See Heikkila v. Barber, 345 U.S. 229, 233, 73 S.Ct. 603, 97 L.Ed. 972. The provision permitting the Administrator to sue or be sued is not an authorization for judicial review of administrative acts. 42 U.S.C. § 1456(c)(1); see Choy v. Farragut Gardens, supra.

Summary judgment is awarded dismissing the complaint.

So ordered.

---

4. See U.S.Code and Cong.Serv., supra, discussed above.