UNITED PUBLISHING & PRINTING
CORP., Plaintiff,

v.

Charles J. HORAN et al., Defendants.

Civ. No. 11615.

United States District Court
D. Connecticut.

April 28, 1967.

George F. Lowman, Cummings & Lockwood, P. Hurley Bogardus, Jr., Stamford, Conn., for plaintiff.

Jon O. Newman, Samuel J. Heyman, New Haven, Conn., for Charles J. Horan, Regional Director.

Bernard Glazer, Stamford, Conn., for Gertrude N. Marshall, George A. McCulloch, Salem S. Shapiro, Albert Novick, Joel Freedman, The Urban Redevelopment Com.

## RULING ON DEFENDANTS' MOTION TO DISMISS

ZAMPANO, District Judge.

As a consequence of urban renewal in the City of Stamford, Connecticut, the plaintiff relocated its business. Pursuant to the federal slum clearance statutes[1] and the regulations thereunder[2], the plaintiff submitted a claim for a relocation allowance of $12,478.12, which was paid. Some months later the plaintiff filed a "Substituted Claim for Relocation Payment," requesting an additional allowance of $8,753.80. After the supplemental claim was denied, this suit was instituted. Named as defendants are Charles J. Horan, Regional Director of Urban Renewal of the Housing and Home Finance Agency, Robert C. Weaver, Administrator of the Housing and Home Finance Agency, and the chairman and various other officials of the Stamford Redevelopment Commission.

The defendants move to dismiss the plaintiff's complaint on various jurisdictional grounds.

1. 42 U.S.C. §§ 1450–1468.

I.

Secretary Weaver and Director Horan claim they were not properly served and, therefore, the action must be dismissed. Secretary Weaver was served with process in Washington, D. C. and Director Horan was served in New York City. Copies of the summons and complaint were delivered to the Attorney General and to the United States Attorney for this District.

Rule 4(f) of the Federal Rules of Civil Procedure provides that process must be served within the territorial limits of the state unless there is express authorization by a federal statute for service of process outside the state.

There being no special statutory authorization for extraterritorial service of process upon the named federal officers and agencies, it is clear that these federal defendants were not properly served and the action as to them must be dismissed. Taft Hotel Corporation v. Housing & Home Finance, 162 F.Supp. 538, 539 (D.Conn.1958), aff'd, 262 F. 2d 307 (2 Cir. 1958), cert. denied, 359 U.S. 967, 79 S.Ct. 880, 3 L.Ed.2d 835 (1959); Alfonso v. Hillsborough County Aviation Authority, 308 F.2d 724 (5 Cir. 1962); Webb v. United States, 21 F.R.D. 251 (E.D.Pa.1957); Queens County Group, etc. v. Home Loan Bank Board, 104 F.Supp. 396 (E.D.N.Y.1952).

Plaintiff's reliance on Connecticut's "long-arm" statute is misplaced. Assuming, without deciding, that this statute authorizes extraterritorial service of process upon the defendants, the plaintiff's service in this case failed to comply with the provisions of the relevant statutes and rules governing the issuance of process against foreign corporations. See Rule 4(d) (3), Federal Rules of Civil Procedure; section 33–411, Connecticut General Statutes. Compare, Gart v. Cole, 166 F.Supp. 129, 133 (S.D.N.Y.1958), aff'd, 263 F.2d 244 (2 Cir. 1959).

2. 24 C.F.R. §§ 3.100–3.110.

## II.

With the federal defendants out of the case, the action may not continue against the local defendants. There is no diversity jurisdiction under 28 U.S.C. § 1332, nor is there sufficient jurisdictional amount for original jurisdiction under 28 U.S.C. § 1331(a). Sections 702 and 703 of Title 5, U.S.C., do not confer jurisdiction because the acts complained of are not the acts of an "authority of the Government of the United States." 5 U.S.C. § 701(b) (1). In addition, 28 U.S.C. § 1346 is inapplicable because the United States is not a party defendant and the plaintiff has no standing to sue as a third party beneficiary on the contract between the federal agencies and the local commission. Johnson v. Redevelopment Agency of Oakland, Cal., 317 F.2d 872, 874 (9 Cir. 1963), cert. denied, 375 U.S. 915, 84 S.Ct. 216, 11 L.Ed.2d 154 (1963).

Moreover, it appears that the federal defendants are indispensable parties to this suit. The general rule is that indispensable parties are "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." 3 Moore, Federal Practice, § 19.07; Winchester Electronics Corp. v. General Products Corp., 198 F.Supp. 355, 358 (D.Conn.1961).

Here the plaintiff seeks monetary relief pursuant to either a valid administrative claim of reimbursable expenses or in accordance with a contractual relationship between the parties. If the action is resolved favorably to the plaintiff, a judgment will affect both local and federal administrations. Under the pertinent statutory scheme, relocation payments by the local agency are recoverable in full from the federal agency. 24 C.F.R. § 3.104(h), promulgated pursuant to 42 U.S.C. § 1466; see, also, 24 C.F.R. § 3.104(g), which provides that no relocation payment in excess of $10,-000 shall be made without the express approval of the federal agency. Therefore, since a plaintiff's judgment will expend itself on the government treasury and the local defendants, alone, are unable to effectuate the relief sought, the federal agencies are indispensable parties to this action. Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95 (1947); Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); Adamietz v. Smith, 273 F.2d 385, 387 (3 Cir. 1960), cert. denied, 363 U.S. 850, 80 S.Ct. 1628, 4 L.Ed.2d 1732. See, also, Fahey v. O'Melveny and Meyers, 200 F.2d 420 (9 Cir. 1952), (Home Loan Bank Board and its members indispensable parties); Rio Hondo Harvesting Association v. Johnson, 290 F.2d 471 (5 Cir. 1961), (Secretary of Labor an indispensable party); Queens County Group, etc. v. Home Loan Bank Board, supra, (Home Loan Bank Board an indispensable party); Davis v. Tennessee Valley Authority, 214 F.Supp. 229 (N.D.Ala.1962), aff'd, 313 F.2d 959 (5 Cir. 1963), cert. denied, 375 U.S. 818, 84 S.Ct. 53, 11 L.Ed.2d 52 (1963), (Civil Service Commission members indispensable parties).

Accordingly, the defendants' motions to dismiss are granted and the plaintiff's complaint is dismissed for lack of jurisdiction. See, Harborside Lithograph Co., Inc. v. Boston Redevelopment Authority, Civil No. 64–524–F, D.Mass., March 8, 1967; Batuyios v. Redevelopment Commission of the City of Wilmington, North Carolina, Civil No. 1032, E.D.N.C., September 21, 1964.