**Celestina ROMA, Rose Cervera, Franco Roma and Franco Roma, Jr., Plaintiffs,**

**v.**

**DAISY MANUFACTURING COMPANY, INC., Defendant.**

**Civ. No. 5:91–CV–006 (WWE).**

United States District Court, D. Connecticut.

July 9, 1991.

Neil W. Sutton, Cohen & Wolf, Bridgeport, Conn., for plaintiffs.

Daniel H. Cotter, Cotter, Cotter & Sohon, Kevin M. Tepas, Bridgeport, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

EGINTON, District Judge.

Plaintiffs, Celestina Roma, et al., allege that defendant, Daisy Manufacturing Company, Inc. ("Daisy") is liable under Connecticut's Product Liability Statute, Conn. Gen.Stat. § 52–572m et seq., for an eye injury sustained by plaintiff Franco Roma, Jr. ("Roma").

Defendant Daisy has moved, pursuant to Fed.R.Civ.P. 12(b)(7), to dismiss this action for the failure to join Brian Benson ("Benson") of Connecticut as an indispensable party under Fed.R.Civ.P. 19.

For the reasons stated below, defendant Daisy's motion to dismiss will be denied.

## FACTS

In 1989 Roma was shot in the eye by Benson with a BB pistol manufactured by defendant Daisy. The injury necessitated

surgical removal of the eye. Plaintiffs brought suit against defendant Daisy alleging three counts: strict liability, implied warranty and reckless disregard. Benson is not a party to this action. Jurisdiction is based on diversity under 28 U.S.C. § 1332.

### DISCUSSION

In deciding this motion to dismiss, based on Fed.R.Civ.P. 12(b)(7), the Court must determine whether there has been a failure to join a party under Rule 19. The central issue of this motion is whether Benson is an indispensable party to this action, and therefore must be joined if feasible. Rule 19 provides in relevant part:

(a) Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter shall be joined in the action if (1) in the person's absence complete relief cannot be accorded among those already parties ...

(b) Determination by Court whenever joinder not feasible. If a person as described ... cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being regarded as indispensable.

Indispensable parties are defined as "persons who not only have an interest in the controversy, but an interest of such nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *United Publishing & Printing Corp. v. Horan*, 268 F.Supp. 948, 950 (D.Conn.1967).

In determining indispensability, Benson's interest in the controversy must be analyzed. In this case, the controversy centers on the characterization of the dispute and the applicable law. Defendant Daisy contends that Connecticut's Tort Reform Act II, Conn.Gen.Stat. § 52–572h(c) is applicable to this action. Section 52–572h(c) abolishes joint and several liability and pro-

vides for proprotional fault and allocation of damages.

It is alleged in the complaint that Benson shot Roma. Daisy argues that Benson may be liable to the plaintiffs for the injuries sustained by Roma, and therefore must be joined as a necessary and indispensable party to determine proportional liability pursuant to § 52–572h(c). Under § 52–572h(c), defendant Daisy cannot have his liability reduced in proportion to the liability of another person unless that person is also a party to the action.

If Benson is joined, diversity will be destroyed because Benson is domiciled in Connecticut. Therefore, defendant concludes, the Court must dismiss the case "in equity and good conscience" because to proceed without Benson would deny the defendant its rights under § 52–572h(c).

Daisy's characterization of the dispute is incorrect. Section 52–572h(c) is premised on negligence. The suit against defendant Daisy is based on theories of product liability; negligence is not alleged. Product liability in Connecticut is joint and several liability with a right of contribution based on comparitive responsibility under Conn. Gen.Stat. § 52–572o. A recent Connecticut case explicitly held that a statutory action under Connecticut's Product Liability Statute is not a negligence action and therefore § 52–572h(c) is not applicable. *Clinton Percle v. Coastal Stell Corp.*, 17 Conn. L.Trib. No. 11 at 37 (March 18, 1990).

A tortfeasor jointly and severally liable is not an indispensable party to an action brought against another tortfeasor. *Kerr v. Compagnie de Ultramar*, 250 F.2d 860, 863 (2d Cir.1958). Even if Daisy joined Benson as a third party defendant under Rule 14(a), pendent jurisdiction would preserve the Court's subject matter jurisdiction. *Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 585 (2d Cir.1965).

### CONCLUSION

For the reasons set forth above, defendant Daisy's motion to dismiss is DENIED.