**Joseph VARGA, Plaintiff,**

v.

**John P. RYAN, District Director, Immigration and Naturalization Service, Hartford, Connecticut, Defendant.**

**Civ. A. No. 6773.**

United States District Court
D. Connecticut.

July 11, 1957.

Stewart J. Stowell, East Hartford, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., William White, Asst. U. S. Atty., Hartford, Conn., Roy Babitt, Sp. Asst. to Atty. Gen., for defendant.

**J. JOSEPH SMITH, Chief Judge.**

*Findings of Fact*

The plaintiff, Joseph Varga, was admitted into the United States on or about January 1, 1957, under the so-called Hungarian Refugee Relief Program, and subsequently found employment in Union, Connecticut. On June 28, 1957, the plaintiff was taken into custody by the defendant and on July 2, 1957, transported to New York City preparatory for departure to Austria. The plaintiff, through an attorney procured by his employer, secured a restraining order from this Court while the plaintiff was in Connecticut, but the defendant did not receive notice of this order until the plaintiff was in the State of New York. However, at the time the defendant received notice of the order, 7:15 p. m., the plaintiff was in the exclusive custody of two of defendant's agents who were in the process of trans-

porting the plaintiff to the New York detention quarters of the Immigration Service. From the affidavits submitted on these motions it appears that the plaintiff remained in the exclusive control of the defendant until 7:50 p. m. of the same day when he and the defendant's agent arrived at the New York detention quarters. At the same time the defendant was in telephonic contact with the detention quarters and ordered his two agents accompanying the plaintiff to remain there until they received further instructions.

## Discussion

The plaintiff now seeks a preliminary injunction restraining the defendant from transporting the plaintiff out of this country and a mandatory injunction ordering the return of the plaintiff to this state. The defendant moves to dismiss the complaint for lack of jurisdiction, and to vacate the restraining order.

■ At this stage of the proceedings the defendant does not question the jurisdiction of the United States Courts to inquire into the removal of an alien admitted into this country under Sec. 212 (d) (5) of the Immigration and Nationality Act of 1952, Sec. 1182(d) (5), Title 8 U.S.C.A., although he contends that review by one in custody is confined to habeas corpus. This section, permitting aliens to enter this country under parole, further reads that at the termination of the parole the alien's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." The exclusion of an alien is subject to judicial review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. Brownell v. We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225.

No reason appears to grant a wider scope of review to one not in custody than to one presently detained.

■ But the defendant also urges that this court is without jurisdiction over this action because the plaintiff was outside the district when the defendant received notice of the restraining order. The fact that the plaintiff had been taken outside the jurisdiction of the court at that time is immaterial. The vital question is whether the court had jurisdiction of the defendant when he had "the ability and authority * * * to effectuate the relief which the alien seeks." Ceballos v. Shaughnessy, 352 U.S. 599, 603, 77 S.Ct. 545, 548, 1 L.Ed.2d 583; Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868. At 7:15 p. m. on July 2, 1957, when the defendant received notice of this court's restraining order the plaintiff was in his exclusive possession. At 7:50 p. m., the earliest time that the defendant could have relinquished possession, the defendant could have maintained his possession of the plaintiff pursuant to the restraining order. The fact that he chose rather to relinquish his control over the plaintiff should not be allowed to defeat the jurisdiction of this court.

The motion to dismiss the complaint is denied. The motion to vacate the restraining order is denied. The temporary restraining order may be continued in effect pending hearing on the motion for temporary injunction to restrain deportation, which is hereby assigned for hearing at Hartford July 22, 1957, at 2:00 p. m. The defendant may be required to produce the plaintiff at the hearing. It is suggested that the pleadings be closed by that date so that the parties may be prepared to have the one hearing on the temporary and permanent relief sought. Settle order.