William GART et al., Plaintiffs-Appellants,

v.

Albert M. COLE et al., Defendants-Appellees.

No. 184, Docket 25358.

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1958.

Decided Jan. 16, 1959.

Certiorari Denied April 27, 1959.

See 79 S.Ct. 898.

246

David I. Shapiro, of Dickstein, Shapiro & Friedman, New York City (Harris L. Present, New York City, and Sidney Dickstein and Arthur J. Galligan, of Dickstein, Shapiro & Friedman, New York City, on the brief), for appellants.

Morton S. Robson, Asst. U. S. Atty., S. D.N.Y., New York City (Arthur H. Christy, U. S. Atty., and John A. Guzzetta, Asst. U. S. Atty., New York City, on the brief), for appellees Albert M. Cole and Walter S. Fried.

Anthony Curreri, New York City (Charles H. Tenney, Corp. Counsel, City of New York, and Leo A. Larkin, Pauline

K. Berger, and Benjamin Offner, New York City, on the brief), for appellees City of New York, Robert F. Wagner, et al.

Edward D. Burns, of Saxe, Bacon & O'Shea, New York City (Porter R. Chandler and William R. Meagher, New York City, and Martin Fogelman, of Saxe, Bacon & O'Shea, New York City, on the brief), for appellee Fordham University.

William Eldred Jackson, of Milbank, Tweed, Hope & Hadley, New York City (Rebecca M. Cutler, of Milbank, Tweed, Hope & Hadley, New York City, on the brief), for appellee Lincoln Center for Performing Arts, Inc.

Rosenman, Goldmark, Colin & Kaye, New York City, for appellee Webb & Knapp Lincoln Square Corp.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

This is the fifth of a prolonged series of actions attacking the validity of the Lincoln Square Urban Renewal Project, a slum redevelopment project of the City of New York partially financed by federal funds under Title I of the Housing Act of 1949, 42 U.S.C. §§ 1441 et seq. Appellants, property owners and residential and business tenants in the Project area, instituted this action as individuals and on behalf of all others similarly situated just seven days after the Supreme Court denied certiorari in 64th Street Residences, Inc. v. City of New York, 4 N.Y.2d 268, 150 N.E.2d 396, certiorari denied Harris v. City of New York, 357 U.S. 907, 78 S.Ct. 1152, 2 L.Ed.2d 1157, the first of the previous actions to proceed to final judgment on the merits.[1]

Although none of the appellants were named as parties plaintiff in that action, all are members of the classes there represented. And appellees here, with the exception of Albert M. Cole, sued as Administrator of the Federal Housing and Home Finance Agency, and Walter S. Fried, sued as Regional Administrator of that agency, were defendants in the 64th Street Residences case. This appeal questions the district court's denial of appellants' motion for temporary injunction and entry of summary judgment in favor of all of the appellees. In a reasoned opinion, D.C.S.D.N.Y., 166 F. Supp. 129, the court below held appellants' claims against all but the FHHFA officials barred by the judgment in the 64th Street Residences case and found no validity in the claims against those officials.

There is no dispute here that the claims asserted in this action against defendants other than Cole and Fried are identical with those unsuccessfuly raised against these same parties in the prior New York action. In both suits the Project was attacked on the grounds that Fordham University's participation as a Project sponsor violated the principle of separation of church and state, as embodied in the First Amendment to the United States Constitution and made applicable to the City through the Fourteenth Amendment, and that the City's negotiation of minimum bids to be made by the sponsors at a subsequent public auction was unlawful. As members of the classes of plaintiffs represented in the 64th Street Residences case, appellants are barred by the judgment there from relitigating these issues with these defendants in the New York courts. Ashton v. City of Rochester, 133 N.Y. 187, 195, 30 N.E. 965, 31 N.E. 334, 28

---

1. Two actions, instituted in the Supreme Court of New York, before the New York City Board of Estimate approved the Project, were dismissed as premature. Loehner v. City of New York, Sup., 162 N.Y.S.2d 233; 89 Amsterdam Ave. Corp. v. City of New York, S.Ct., N. Y. County, N.Y.L.J., Nov. 13, 1957, p. 7. During the pendency of the appeal in the 64th Street Residences case a fourth action was instituted in the court below. Cohen v. City of New York, D.C.S.D.N.Y., Civ. No. 130-164. Stayed pending final determination of the state case, it was dismissed by Judge Dimock on the same date that he dismissed the complaint herein. D.C.S.D.N.Y., N.Y.L.J., Aug. 7, 1958, p. 7.

Am.St.Rep. 619; People's Gas & Electric Co. of Oswego v. City of Oswego, 207 App.Div. 134, 202 N.Y.S. 243, affirmed 238 N.Y. 606, 144 N.E. 911; Campbell v. Nassau County, 192 Misc. 821, 82 N.Y.S. 2d 179, affirmed 274 App.Div. 929, 83 N. Y.S.2d 511. And the full-faith-and-credit clause requires a federal court to give equal effect to that judgment as a bar to relitigation of these issues. American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298; Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413. See also McIntosh v. City of Pittsburg, C.C.W.D.Pa., 112 F. 705.[2]

It is to be noted that the very holding in American Surety Co. v. Baldwin, supra, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298, negates the strained inference appellants draw from Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, that a state court decision has less than its usual effect as *res judicata* where constitutional questions were decided and no appeal of right to the Supreme Court was available. Nor did the Sixth Circuit, as appellants suggest from their reading of Trailmobile Co. v. Whirls, 6 Cir., 154 F.2d 866, reversed on other grounds in 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328, render all state court decisions on questions of federal law a nullity in the federal courts. The court's statement, 154 F.2d 866, 871, that "The interpretation by the state court of the rights of a citizen under a federal statute is not binding upon the federal courts" properly relates only to the impact of a state decision as *stare decisis*, not as *res judicata*—a distinct question which the court there correctly answered with its holding that the plaintiff had been neither party nor privy to the state court's judgment.

Nor is there valid constitutional objection to holding appellants bound by the 64th Street Residences judgment. All had ample notice of the suit; parties plaintiff there had no interests contrary to appellants in this action; and the same counsel prosecuted both suits. To the general rule that only persons subject to a court's jurisdiction are bound by its judgment, there has long been an exception for suits of a representative character. Smith v. Swormstedt, 16 How. 288, 57 U.S. 288, 14 L.Ed. 942; Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Hansberry v. Lee, 311 U. S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L. R. 741. True, the courts in practice have narrowly delimited this exception lest persons be improperly denied their day in court. But this in federal procedure has been more a decision as to proper rule-making than an application of constitutional principle.

Thus under the Federal Rules the legal development has been that, except for the disposition of specific property, only judgments in actions under F.R. 23(a) (1)—the so-called "real" class actions— are binding on members of the classes represented who are not parties. See, e. g., Dickinson v. Burnham, 2 Cir., 197 F. 2d 973, 979, certiorari denied 344 U.S. 875, 73 S.Ct. 169, 97 L.Ed. 678; Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387, 390. As the Dickinson case points out, this view has been criticized, notably by text writers, as not going to the extent permitted by constitutional due process. For the Constitution requires at most only that "for any * * reason the relationship between the parties present and those who are absent is such as legally to entitle the former to stand in judgment for the latter." Hansberry v. Lee, supra, 311 U.S. 32, 43, 61

2. Howard v. Ladner, D.C.S.D.Miss., 116 F.Supp. 783, vacated White v. Howard, 347 U.S. 910, 74 S.Ct. 476, 98 L.Ed. 1067, appears in error in the suggestion that F.R. 23(a) (1), rather than the full-faith-and-credit and due-process clauses of the Constitution, governs any question of federal limitation on the effect of the state judgment as *res judicata*. Neither the Federal Rules of Civil Procedure nor cases interpreting them, such as Dickinson v. Burnham, 2 Cir., 197 F. 2d 973, certiorari denied 344 U.S. 875, 73 S.Ct. 169, 97 L.Ed. 678, show any intent (even were it permissible) to place limits on state procedure.

S.Ct. 115, 119. Also of paramount relevance is the well-known suggestion of Chief Justice Stone in this case that a judgment may be constitutionally based on notice alone. 311 U.S. 32, 40, 61 S.Ct. 115, 117. But, beyond all this, the 64th Street Residences judgment was in an action typically "real"; and we see no reason to think that it would not have been binding, whatever its origin. See 3 Moore's Federal Practice ¶ 23.11, at n. 5 (2d Ed. 1948), and authorities there cited; and see generally cases collected in the annotations in 20 A.L.R. 1133 and 64 A.L.R. 1262.

██ ██ There remains to be considered the dismissal of the claims against appellees Cole and Fried, the Administrator and Regional Administrator of the FHHFA. Appellants asserted basically three claims against them: (1) that the FHHFA's participation in the Lincoln Square Urban Renewal Project constitutes an unconstitutional subsidy to a religious institution; (2) that the sale by the City of portions of the Project area to sponsors at negotiated minimum bids was a failure to comply with §§ 106 (c) (7) and 110(c) (4) of the Housing Act of 1949, 42 U.S.C. §§ 1456(c) (7), 1460(c) (4); and (3) that the Administrator illegally denied various residential tenants, including some appellants, an oral hearing in which to challenge the feasibility of the City's relocation plan. The first claim but repeats the one so strongly asserted against the City and the Project sponsors in the state case. The First Amendment's requirement of the separation of church and state applies equally to the state and the Federal Government. Zorach v. Clauson, 343 U.S. 306, 309, 72 S.Ct. 679, 96 L.Ed. 954; Everson v. Board of Education of Ewing Township, 330 U.S. 1, 15, 67 S.Ct. 504, 91 L.Ed. 711, 168 A.L.R. 1392; Cantwell v. State of Connecticut, 310 U.S. 296, 303, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352. As to both governments, the basic issue concerns the transaction between the City and Fordham University. Moreover, the City's use of federal funds was considered by the New York Court of Appeals in its opinion in 64th Street Residences and was heavily stressed by the plaintiffs there in the petition for certiorari. And as a practical matter, the relief appellants seek in this action against the FHHFA will curtail the progress of the Lincoln Square Urban Renewal Project as effectively as the direct injunctive relief against the active Project participants unsuccessfully sought in the New York courts. These appellees have once successfully litigated this issue to a final judgment. In these circumstances there can be no doubt but that the New York courts would not permit this relitigation of the same issue. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 134 N.E.2d 97; Good Health Dairy Products Corp. of Rochester v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401. See also Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065. Hence it is barred here.

██ Inasmuch as the remaining claims against the FHHFA were not and could not have been litigated in the 64th Street Residences action, see 4 N.Y.2d 268, 276–277, 150 N.E.2d 396, they are not barred by the judgment therein. Moreover, the district court correctly ruled that it had sufficient jurisdiction over the officers of the FHHFA to consider these claims. As the Supreme Court has noted, the determination of the proper party defendant for review or challenge of administrative action is a matter "compounded of confusion and artificialities." Snyder v. Buck, 340 U.S. 15, 22, 71 S.Ct. 93, 97, 95 L.Ed. 15. The opinion of the court below seems admirably to reduce the unavoidable formality here to a considerable extent. In his carefully reasoned opinion Judge Dimock held that a suit against Cole in his capacity of Administrator was in actuality brought against the FHHFA, and that adequacy of service of process should be determined as with suits against corporations, rather than those against individuals. Accordingly, service on Fried, the Regional Administrator of the FHHFA, at his office in New York where the agency was "doing business" was

deemed sufficient to give the court jurisdiction over all indispensable parties. There is some support for this view, principally among the more recent decisions. See authorities cited 166 F.Supp. 129, 133. And there is considerable merit in its recognition that suits such as this are against an agency rather than an individual. See 3 Davis, Administrative Law Treatise § 27.07 (1958). But there is no need to adopt that reasoning definitively here. For the identic result is firmly grounded in authority. Whether personal service on Cole is indispensable turns on essentially "practical considerations." Shaughnessy v. Pedreiro, 349 U. S. 48, 75 S.Ct. 591, 99 L.Ed. 868. Here all the underlying facts of the action are peculiarly local, and this case's resolution will have a predominantly local impact. Moreover, plaintiffs seek merely to restrain official action, not to compel an official to take some action for their benefit. In such a case service on the official sought to be enjoined—here Fried—is all that is required. Hynes v. Grimes Packing Co., 337 U.S. 86, 96–97, 69 S.Ct. 968, 93 L.Ed. 1231; Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. Without denying that Fried is presently authorized to pay the funds to the City, the FHHFA contends that Cole is indispensable to this litigation because he has power to appoint another official to dispense these funds. We cannot assume, however, that the Administrator would so lightly disregard the decision of this court. Shaughnessy v. Pedreiro, supra, 349 U.S. 48, 53, 75 S.Ct. 591. And see Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402–403, 60 S.Ct. 907, 84 L.Ed. 1263. Heyward v. Public Housing Administration, 5 Cir., 238 F.2d 689, does not support the FHHFA's contentions here, for in that case the local officer defendant established as a fact that he was not then authorized to handle the disbursements sought to be enjoined.

■ Little can be added to Judge Dimock's careful discussion of appellants' claims against the FHHFA. Appellants find standing to assert these claims in § 10(a) of the Administrative Procedure Act, 5 U.S.C. § 1009(a). This section leans heavily on existing law, since its requirements, that the person seeking review have suffered "legal wrong" or have been "adversely affected or aggrieved by such action within the meaning of any relevant statute," have well established meanings. See Kansas City Power & Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, 931–932, certiorari denied 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780. Appellants clearly have no standing to assert that the City's sponsorship agreements violate the Housing Act's alleged requirement of open bidding on all property sold as part of the Project. Assuming that such a requirement may be read into 42 U.S.C. §§ 1456(c) (7) and 1460 (c) (4), these sections seem designed to protect not the interests of landowners or tenants in a redevelopment area, but those of the public at large. Appellants cannot challenge this expenditure of funds as representatives of so broad an interest. Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078. See also Allied-City Wide, Inc. v. Cole, 97 U.S.App.D.C. 277, 230 F.2d 827.

■ Plaintiffs do have standing in this action to challenge the Administrator's refusal to grant them an oral hearing on the feasibility of the City's relocation plan. But there is no basis, statutory or otherwise, for the right to appear and be heard before the Administrator which appellants claim. Appellants find this right in § 101(c) (iv) of the Housing Act of 1949, 42 U.S.C. § 1451(c) (iv), which proscribes delegation by the Administrator of his reviewing function. Unless residents are granted a hearing, they contend, the Administrator's determination can be based on only those facts which the City chooses to furnish him and is thus not an independent review of the relocation plan. But the Act expressly requires public hearings before the local authority actually engaged in formulating the relocation plan. In view of the necessarily limited utility of a second hearing before the Administrator, who is charged only

with assuring this plan's compliance with minimum standards, lesser efforts by the Administrator would seem adequate. Here the FHHFA afforded appellants opportunity to submit documentary information on the plan's feasibility. More than this the Housing Act does not require. See § 4(b) of the Administrative Procedure Act, 5 U.S.C. § 1003 (b).

 Appellants further contend that the nature of the matters reviewed and the impact upon appellants of the Administrator's approval of the relocation plan render his review "a case of adjudication required by statute to be determined upon the record after opportunity for agency hearing" within the scope of § 5 of the Administrative Procedure Act, 5 U.S.C. § 1004. Since no express requirement of an open adjudicative hearing is contained in the Housing Act, appellants necessarily rely upon the implication of such a requirement from the nature and effect of the determination to be made. See Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616. But here the purpose of the proceeding is to determine the compliance with federal standards of a general plan for the relocation not of individuals, but of a group within a geographically defined area. The impact of the determination is upon the group, not upon individuals, and, as would normally be the case in Title I proceedings, the number of residents affected by the relocation proposals and therefore within the group is quite large. Compare Londoner v. City and County of Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103, with Bi-Metallic Inv. Co. v. State Board of Equalization, 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372. In such a case the determination is not such an adjudication of individual interests as may justify the implied application of § 5 of the Administrative Procedure Act, 5 U.S.C. § 1004. The Administrator's review of the proposal for relocation here lacks the direct impact of the deportation of an alien in Wong Yang Sung v. McGrath, supra, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, or the denial of a certificate of public convenience to a public carrier in Riss & Co. v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L. Ed. 1345, or the denial of an individual citizen's right to use the mails in Cates v. Haderlein, 342 U.S. 804, 72 S.Ct. 47, 96 L.Ed. 609, and Door v. Donaldson, 90 U.S.App.D.C. 188, 195 F.2d 764—cases on which appellants rely. Thus this review is not a "case of adjudication" within the quoted words of § 5 of the Administrative Procedure Act, 5 U.S.C. § 1004.

At times appellants seem to assert that the Administrator did in fact delegate his duty to review the feasibility of the Lincoln Square Urban Renewal Project's relocation provisions. As 42 U.S.C. § 1451(c) (iv) is in protection of the interests of displaced residents such as appellants, they have standing to raise this claim. But summary judgment was properly entered here, too; for appellants presented no proof whatsoever of such misconduct by the Administrator apart from the fact that they were refused an oral hearing.

Affirmed.