**WEN CHEUK (File No. A10 256 513),**
Plaintiff,

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**YUNG YEE HO (File No. A10 294 129),**
Plaintiff,

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**YIP LU (File No. A10 247 715),**
Plaintiff,

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

**WONG CHONG (File No. A9 707 424),**
Plaintiff,

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the District of New York, Defendant.**

United States District Court
S. D. New York.
Nov. 23, 1959.

Saul Bernstein, New York City, for plaintiffs Wen Cheuk, Yung Yee Ho and Yip Lu.

Edward Hong, New York City, for plaintiff Wong Chong.

S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of New York, New York City, for the United States Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

The issues in these four cases are identical and they are considered together. The defendant has moved for an order pursuant to Rule 12(b) (6) and (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dismissing the identical com-

plaints of the plaintiffs on the grounds that they fail to state a claim upon which relief can be granted and that there has been a failure by plaintiffs to join an indispensable party.

Each plaintiff had made an application for the issuance of a special non-quota immigrant visa as a refugee escapee under Section 15 of the Act of September 11, 1957, Public Law 85–316, 71 Stat. 639, 50 U.S.C.A.Appendix, § 1971a note. Upon denial of the relief in each case, complaints were filed against the defendant. Each complaint prayed for a declaratory judgment declaring that plaintiff was entitled, on the merits, to consideration and approval for a non-quota immigrant visa, and that the defendant be restrained from deporting plaintiff pendente lite and until final determination of his application. In each case plaintiff obtained an order to show cause with a stay of deportation pending determination of the motion.

The basis of each complaint was that the decision of the defendant (i.e., the District Director, Esperdy) in denying the application was an arbitrary and capricious finding on the part of the defendant and of the State Department and that the failure of the defendant to grant such consideration on the merits to the plaintiff was based upon a void and illegal agreement between the Immigration and Naturalization Service and officials of the State Department.

The defendant avers that he only "processed" the application and disavows any authority to grant any visa. The only person who has the authority to issue such a visa, according to the defendant, is the Secretary of State. The defendant alleges that the complaint does not state a claim upon which relief can be granted in that "a grant of a visa does not lie within the province of this defendant, and this Court cannot enter a judgment declaring plaintiff's entitlement to approval of his application for a visa."

Secondly, the defendant alleges that the Secretary of State is an indispensable party who must be joined. He maintains that since only the Secretary of State, or his delegates, is authorized to issue visas, and insofar as plaintiff claims to be aggrieved by an arbitrary refusal to have a visa issued, an action to review such determination must be brought against the person to whom the evidentiary plea was made, and who made the decision.

In opposition to the motions to dismiss the complaints, the plaintiffs take the position that the power to pass upon the applications under Section 15 was delegated to the District Director and that therefore he is the only necessary party. The plaintiffs point to the facts that Section 15 applications were filed with the Immigration and Naturalization Service and processed under the aegis of the District Director, administrative hearings were conducted by immigration officers under the direction of the District Director, and notifications of decisions rendered were thereafter furnished by the District Director to the applicants and their counsel.

Plaintiffs rely upon the case of Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 for the proposition that the review proceeding can be brought against the District Director in the area where the administrative proceeding was conducted in suits challenging the denial of discretionary relief or where the challenge is based upon constitutional or other grounds.

The facts are as follows:

1. Each plaintiff, admittedly deportable from the United States by virtue of his having remained longer than the period granted to him on his admission, applied to the defendant for an application for the issuance of a special non-quota immigrant visa.

2. The applications were processed by the District Director and administrative hearings were conducted at the Immigration and Naturalization Service.

3. The District Director furnished to the Office of Refugee and Migration Affairs of the Department of State at Washington, D. C. all pertinent data ad-

duced by each plaintiff bearing on his claim to entitlement to a refugee escapee visa.

4. In each case, the Department of State informed the District Director that plaintiff's application had been examined "by the Departmental Review Committee" of the Special Immigration Program of the Department of State, and it was there decided that plaintiff was ineligible for a special non-quota visa.

5. In each case, the District Director sent a notice of denial to the plaintiff informing him that the application for adjustment of status had been denied because an immigrant visa was not available. In the cases of Yung Yee Ho, Wong Chong and Yip Lu the following reason was given: "An immigrant visa is not immediately available as required by Section 245 of the Immigration and Nationality Act [8 U.S.C.A. § 1255]. The Department of State, after due consideration, has found you to be ineligible for a special nonquota visa under Section 15(a) (3) of the Act of September 11, 1957." The plaintiffs were informed that appeals of that decision might be made to the Regional Commissioner and forms for that purpose were furnished.

6. The Secretary of State and/or any of his delegates, e. g., consular officers, are the only officers charged with the issuance of non-quota visas to refugee escapees under Section 15 of the Act of September 11, 1957 under 22 C.R.F. 44.

7. The authority to issue such visa has not been delegated to the District Director.

### Discussion

Although plaintiffs contend that the power to pass upon the applications was delegated to the District Director, evidence submitted by Mr. Samuel Bernstein, attorney for three of the plaintiffs, indicates to the contrary. A letter from Mr. Merlin E. Smith, Chief, Technical Liaison Branch, Office of Refugee and Migration Affairs, to Mr. Bernstein informs Mr. Bernstein that he should go through proper channels to secure relief. However, in a case where the appeal from a rejection of application of one Carson Ke-Chen was submitted directly to the Office of Refugee and Migration Affairs, the application was approved and Mr. Smith stated: "The District Director * * * is being so informed." Mr. Smith stated (letter dated October 13, 1959): "Appeals from rejection of applications under the Act of September 11, 1957 which have been prepared by the Immigration and Naturalization Service should be submitted *through* that service." (Emphasis supplied) This seems to support the contention of the defendant that he is a "conduit for transmittal of plaintiff's evidentiary material to the Department of State."

The case of Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, upon which plaintiffs rely, is distinguishable. The Supreme Court there held that in an action in a federal district court against a District Director to review a deportation order, declare it void and enjoin its execution, the Commissioner of Immigration and Naturalization was not an indispensable party. When the Second Circuit Court of Appeals in Ceballos v. Shaughnessy, 229 F. 2d 592, 593, attempted to distinguish the Pedreiro case by holding that the Attorney General and/or the Commissioner of Immigration were indispensable parties in a case involving an application for suspension of deportation because that situation involved the discretionary exercise of power by the Attorney General,[1] the Supreme Court[2] reaffirmed the Pedreiro decision and held that neither the Attorney General nor the Commissioner was a necessary party.

1. The Court of Appeals relied on the earlier case of De Pinho Vaz v. Shaughnessy, 2 Cir., 1953, 208 F.2d 70, which they had distinguished but not overruled in Pedreiro v. Shaughnessy, 2 Cir., 1954, 213 F.2d 768.

2. Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583.

The basis of the distinction between those two cases and the instant cases is the nature of the remedy claimed and the power of the defendant to carry out any possible mandate of the court.

In the Second Circuit case of Pedreiro v. Shaughnessy, the court stated: "The District Director, moreover, especially under the new regulations promulgated on December 17, 1952, plainly is the person to whom has been delegated the power to issue the warrant of deportation and determine the various questions incidental thereto." 213 F.2d at pages 769–770. In affirming that decision, the Supreme Court stated: "We also reject the Government's contention that the Commissioner of Immigration and Naturalization is an indispensable party to an action for declaratory relief of this kind. District Directors are authorized by regulation to issue warrants of deportation, to designate the country to which an alien shall be deported, and to determine when his mental or physical condition requires the employment of a person to accompany him. The regulations purport to make these decisions of the District Director final. It seems highly appropriate, therefore, that the District Director charged with enforcement of a deportation order should represent the Government's interest." 349 U.S. at pages 52–53, 75 S.Ct. at page 594.

In Ceballos v. Shaughnessy, the Supreme Court stated: "We hold that neither the Attorney General nor the Commissioner is a necessary party. This Court in Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, held that determination of the question of indispensability of parties is dependent, not on the nature of the decision attacked, but on the ability and authority * * before the court to effectuate the relief which the aliens seek. In this case the petitioner asks to have the order of deportation suspended and to restrain the District Director from deporting him. Because the District Director is the official who would execute the deportation, he is a sufficient party. It is not a basis for distinction of Pedreiro that suspension of deportation, rather than deportation itself, is involved in this action." 352 U.S. at pages 603–604, 77 S.Ct. at page 548.

However, this case is not one wherein the plaintiffs seek to review a deportation order or declare that they are eligible for suspension of deportation. The complaint reads: "Plaintiff prays for judgment declaring: (a) That the plaintiff, is entitled, on the merits, to consideration and approval for a non-quota immigrant visa pursuant to Section 15(a) (3) of Public Law No. 85–316 (Act of September 11, 1957)."

Since the defendant in this case does not have the power to issue such a visa, no such relief could be obtained against him. The Secretary of State is an indispensable party.

■ The rule enunciated in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, regarding the superior officer as an indispensable party, was not changed by Shaughnessy v. Pedreiro. In fact, that rule was endorsed by the Pedreiro court, as follows: "Our former cases have established a policy under which indispensability of parties is determined on practical considerations. See, e. g., Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95." 349 U.S. at page 54, 75 S.Ct. at page 595.

The rule of the Williams case is that "the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him." 332 U.S. at page 493, 68 S.Ct. at page 189. See Hynes v. Grimes Packing Co., 1949, 337 U.S. 86, 96, 69 S.Ct. 968, 93 L.Ed. 1231.

Where the action is brought to restrain a local official from carrying out his duties, the federal courts have followed the Pedreiro and Ceballos cases and held that even where the action of the local official is based on a discretionary decision of the superior officer, the superior officer is not an indispensable party.

See Jimenez v. Barber, 9 Cir., 1956, 235 F.2d 922; Callow v. Lehmann, 6 Cir., 1956, 233 F.2d 859; Varga v. Ryan, D.C. Conn.1957, 160 F.Supp. 113. See also Gart v. Cole, 2 Cir., 1959, 263 F.2d 244, 250, certiorari denied 1959, 359 U.S. 978, 79 S.Ct. 898, 3 L.Ed.2d 929, where the Second Circuit Court of Appeals stated: "Here all the underlying facts of the action are peculiarly local, and this case's resolution will have a predominately local impact. Moreover, plaintiffs seek merely to restrain official action, not to compel an official to take some action for their benefit. In such a case service on the official sought to be enjoined * * * is all that is required." 263 F.2d at page 250.

However, in situations where the relief sought cannot be effectuated by the local official and some action of the superior officer is necessary—here, the issuance of the non-quota visa by the Secretary of State—the rule of the Williams case is not changed and the superior officer is a necessary party. See Gagliano ex rel. Gagliano v. Bernsen, 5 Cir., 1957, 243 F.2d 880, where the Attorney General or the Commissioner of Immigration and Naturalization was held an indispensable party where the relief sought was the restoration to a status quo presence in the United States of an alien already deported. The action could not be maintained because no such relief could be effected by the defendant. To the same effect is Heikkila v. Barber, D.C.N.D.Cal. 1958, 164 F.Supp. 587.

Since the relief sought—consideration and approval for a non-quota immigrant visa—cannot be effected by the District Director, these complaints must be dismissed. The Secretary of State is an indispensable party since "the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

I, therefore, conclude:

1. The Secretary of State is an indispensable party who has not been joined. Actions against the Secretary of State, in the circumstances of these cases, must necessarily be brought in the court having jurisdiction over him, that is, in the District Court in the District of Columbia.

2. Accordingly, the complaints must be dismissed.

3. Plaintiffs' motions for injunctions pendente lite must be denied.

Settle orders on notice.