**CHAN WING CHEUNG, a.k.a. Bill Woo, Plaintiff,**

v.

**Frank C. HAGERTY, Officer in Charge, U. S. Immigration & Naturalization Service, Providence, Rhode Island, Defendant.**

No. 2692.

United States District Court
D. Rhode Island.

Jan. 5, 1961.

8. I do not attempt to pass here on whether such remedies are mutually exclusive.

E. Harold Dick, Providence, R. I., Thomas F. Vance, Jr., Pawtucket, R. I., for plaintiff.

Joseph Mainelli, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

This action was originally brought against Frank C. Hagerty, Officer in Charge, U. S. Immigration & Naturalization Service, Providence, Rhode Island, and William P. Rogers, Attorney General of the United States. On September 19, 1960, the Attorney General was dropped as a party defendant, no proper service upon him having been made. Thus, the sole defendant before the Court is Frank C. Hagerty, Officer in Charge, U. S. Immigration & Naturalization Service, Providence, Rhode Island.

In his complaint plaintiff alleges that he filed an application for the creation of a record of his lawful admission for permanent residence under the provisions of section 249 of the Immigration and Nationality Act of 1952 (hereinafter called "said Act"), 8 U.S.C.A. § 1259, as amended; that said application was denied, and that said decision was thereafter affirmed upon his appeal from such denial. He further alleges that the hearing upon said application was conducted improperly, that evidence outside the record was used to support denial of the application and that the denial thereof was an arbitrary and capricious abuse of the discretion of the Attorney General, his agents, servants and employees, contrary to the laws of the United States and regulations made thereunder.

In his complaint he prays:

"(1) That a judgment be entered setting aside the administrative denial of the application for adjustment of status, (2) That this Court direct the defendants to grant the Plaintiff's application for adjustment of his status; (3) That the Defendants be restrained from deporting or molesting the Plaintiff pending the final determination of this action; (4) And that such other and further relief be granted as to this Court shall seem meet in the premises."

This case is now before me upon the defendant's motion to dismiss under Rule 12(b) and (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or in the alternative, under Rule 56(b) of said Rules. The motion is based upon several grounds and is supported by the defendant's affidavit. During the hearing on said motion the defendant introduced into evidence the full administrative file of the Immigration and Naturalization Service relating to the plaintiff's application under said section 249. At the conclusion of the hearing I reserved decision pending the filing of briefs by the parties, which have now been filed and considered by me. Among other grounds for dismissal the defendant contends that

the plaintiff's complaint should be dismissed because he has failed to join as a party defendant the District Director who defendant claims is an indispensable party to this action. In substance, he maintains that since under the regulations prescribed by the Attorney General, pursuant to said section 249 of said Act, only the District Director is empowered to grant or deny an application for the creation of a record of lawful admission for permanent residence and that since plaintiff claims to be aggrieved by his alleged arbitrary refusal to grant his application, an action to review his determination must be brought against him.

Plaintiff is admittedly deportable from the United States by virtue of having remained longer than the period granted to him on his admission and is subject to an outstanding order of deportation as alleged in his complaint. Previous to the filing of the application herein involved, he applied for suspension of deportation and adjustment of status under the provisions of section 244 of said Act, 8 U.S. C.A. § 1254, and denial of this application, 176 F.Supp. 421, was ultimately affirmed. Chan Wing Cheung v. Hagerty, 1 Cir., 1959, 271 F.2d 903.

Thereafter the plaintiff filed an application under section 249 on March 18, 1960. The administrative file establishes that on April 1, 1960 the plaintiff was accorded a hearing before an Immigration Officer at Providence, Rhode Island, who subsequently reported his findings and recommendations of denial of said application to the District Director at Boston, Massachusetts. Subsequently said District Director made certain findings of fact and denied said application on April 21, 1960. Upon receipt of notice of said denial by the District Director, plaintiff claimed an appeal to the Regional Commissioner on May 20, 1960. Briefs were filed and oral argument presented by plaintiff in support of his appeal. On August 4, 1960 the Regional Commissioner in a written decision affirmed the decision of the District Director. Thereafter, on September 1, 1960, the instant complaint was filed and on the same date I entered an order restraining the defendants, their agents and servants, from deporting the plaintiff or otherwise interfering with his liberty, pending the determination of the merits of this action.

Under said section 249 of said Act a record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien who shall satisfy the Attorney General that he meets the requirements therein specified.

The regulations prescribed by the Attorney General pursuant to said section provide that "any alien who believes that he meets the eligibility requirements enumerated in section 249 of the Act shall apply on form N–485 to the district director having jurisdiction over his place of residence."[1] They also delegate to District Directors (within the United States) under the executive direction of a Regional Commissioner, the discretionary authority to grant or deny such applications for the creation of a record of lawful admission for permanent residence.[2] No such authority is delegated by the regulations to Officers in Charge, such as the defendant.[3] Said regulations also provide that appeals shall lie to the Regional Commissioners from the decisions of District Directors within their respective regional areas,[4] except in certain cases not material here.

It is well settled that the determination of the indispensability of parties is dependent not upon the nature of the decision attacked but on the ability and authority of the defendant before the Court to effectuate the relief sought by the plaintiff. Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 77 S.Ct. 545, 1 L. Ed.2d 583; Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868; Blackmar v. Guerre, 1952, 342 U.S.

1. 8 C.F.R. § 249.1.

2. 8 C.F.R. § 103.1(f).

3. 8 C.F.R. § 103.1(g).

4. 8 C.F.R. § 103.1(e).

512, 72 S.Ct. 410, 96 L.Ed. 534; Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Adamietz v. Smith, 3 Cir., 1960, 273 F.2d 385, certiorari denied 1960, 363 U.S. 850, 80 S.Ct. 1628, 4 L.Ed.2d 1732; Deglau v. Franke, D.C. R.I.1960, 184 F.Supp. 225; Wen Cheuk v. Esperdy, D.C.N.Y.1959, 178 F.Supp. 787. In Ceballos v. Shaughnessy, supra, the Supreme Court said at pages 603, 604 of 352 U.S., at page 548 of 77 S.Ct.:

"This Court in Shaughnessy v. Pedreiro, 349 U.S. 48 [75 S.Ct. 591, 99 L.Ed. 868], held that determination of the question of indispensability of parties is dependent, not on the nature of the decision attacked, but on the ability and authority of the defendant before the court to effectuate the relief which the alien seeks. In this case the petitioner asks to have the order of deportation suspended and to restrain the District Director from deporting him. Because the District Director is the official who would execute the deportation, he is a sufficient party. It is not a basis for distinction of Pedreiro that suspension of deportation, rather than deportation itself, is involved in this action."

But in this case the plaintiff seeks a judgment ordering the defendant to grant his application for the creation of a record of lawful admission for permanent residence. As hereinbefore pointed out, the regulations confer no discretionary authority on the defendant to grant or deny such an application. Such authority is conferred by the regulations upon District Directors whose decisions on such applications are, as hereinbefore indicated, subject to appeal to Regional Commissioners.

Under the circumstances presented here, the relief sought could not be granted by the defendant. Since it could be effectuated only by the District Director at Boston, Massachusetts, who has jurisdiction over the plaintiff's place of residence, I conclude that said District Director is an indispensable party and that this action cannot be maintained, since he is not a party thereto. Cf. Gagliano ex rel. Gagliano v. Bernsen, 5 Cir., 1957, 243 F.2d 880; Cf. Wen Cheuk v. Esperdy, supra.

The defendant's motion to dismiss is granted on the ground of want of jurisdiction. An order will be entered dismissing this action for want of jurisdiction and vacating the restraining order entered herein on September 1, 1960.