**GAGER & GOLDBERG, INC.**

v.

**UNITED STATES of America.**

No. Civ. 12167.

United States District Court
D. Connecticut.

Feb. 5, 1968.

Harry W. Hultgren, Jr., Hartford, Conn., for plaintiff.

David Golas, Asst. U. S. Atty., Hartford, Conn., Jon O. Newman (United States Attorney for the District of Connecticut) for defendant.

## ORDER ON PENDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS

BLUMENFELD, District Judge.

The plaintiff seeks a mandatory injunction ordering the United States to issue it a gun dealer's license under 15 U.S.C. § 903, and $7500 in damages occasioned by its refusal to date to do so. Jurisdiction is claimed under 28 U.S.C. § 1346. The case is before the court on the plaintiff's motion for partial summary judgment on its claim for injunctive relief and on the defendant's motion for dismissal.

Preliminarily an analysis of the jurisdictional basis for this proceeding is advisable. Insofar as the plaintiff prays for an injunctive order, this is in reality a suit for relief in the nature of mandamus to compel the defendant to issue it a license, no matter how the plaintiff frames his prayer for relief. The appropriate jurisdictional basis, therefore, is 28 U.S.C. § 1361:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

To obtain such relief, the plaintiff ought to have made the District Director of Internal Revenue a defendant, for he is the official authorized to issue such a license as the plaintiff requests and it is he who refused to do so. As the officer against whom any order must run, he is a party indispensable to a § 1361 action. See Fed.R.Civ.P. 19; Hospoder v. United States, 209 F.2d 427 (3d Cir. 1953); Davis v. Board of School

Com'rs, 318 F.2d 63 (5th Cir.) (per curiam), cert. denied, 375 U.S. 894, 84 S.Ct. 170, 11 L.Ed.2d 123 (1963); Chan Wing Cheung v. Hagerty, 192 F.Supp. 452 (D.C.R.I.1961); Feyerchak v. Hiatt, 7 F.R.D. 726 (M.D.Pa.1948).

■■ Although the defendant relies on governmental immunity as a ground for its motion to dismiss, it also puts forth as an additional ground the contention that the District Director acted within the limits of proper discretion in denying the plaintiff's application. Without considering that defense on its merits at this time, it is apparent that this ground of defense would be appropriate in an action seeking a review of the District Director's order. With the advantage of the additional light cast by the operative facts thus injected into the case, the liberality of the Federal Rules of Civil Procedure permits the court to interpret the plaintiff's complaint as setting forth a claim for relief on the grounds that the determination of the District Director was arbitrary and wholly unauthorized by law.

If relief on those grounds is sought, as it seems to be, it should be by way of an appeal from the administrative action of the District Director. Since Congress has not "specified by statute" any method for review of the District Director's determination, § 10(b) of the Administrative Procedure Act, 60 Stat. 243 (1946), 5 U.S.C. § 703, P.L. 89–554 (Sept. 6, 1966) (formerly 5 U.S.C. § 1009 (b)), permits review in this court by way of a declaratory judgment action.

See Gonzalez v. Freeman, 118 U.S.App. D.C. 180, 334 F.2d 570, 575–576 (1964). Jurisdiction to entertain the claim for relief of that nature is based on 28 U.S.C. §§ 1331(a), 1337.[1] Cf. Amp. Inc. v. Gardner, 275 F.Supp. 410 (S.D.N.Y. 1967).

Since the issues raised by those already parties cannot be resolved in the absence of additional parties (1) the District Director against whom mandamus is sought, and (2) the Secretary of the Treasury, who promulgated the regulations under which the District Director acted and whose department is the agency which issued the final order which is challenged, should be joined. Cf. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

Since the government is already a party, the court suggests that the District Director and the Secretary of the Treasury move to intervene as parties defendant. This would save the necessity of an order under Fed.R.Civ.P. 21, with the concomitant delay and expense that would entail. Unless they do move to intervene by March 1, 1968, an order will issue on motion by the plaintiff.

It is also suggested that if the position and contentions of the plaintiff remain the same, and the prospective parties are willing to rely upon the defenses already asserted, that they stipulate to that effect and request the court to proceed with a disposition of the case on the present record.

---

1. "§ 1337. Commerce and anti-trust regulations

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

The present claim arises under 15 U.S.C. § 903 which regulates commerce as distinguished from imposing taxes. The exception in 28 U.S.C. § 2201 is not applicable.